# THE PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, *v.* CHARLES H. LARSEN, APPELLANT.

CRIMINAL LAW.— CROSS-EXAMINATION.— PERSONAL PRIVILEGE.—2 Comp. Laws 1888, § 5198, provides that "a defendant in a criminal action or proceeding cannot be compelled to be a witness against himself; but if he offer himself as a witness he may be cross-examined by the counsel for the people the same as any other witness, * * *;" and § 3959 provides that "a witness must answer questions legal and pertinent to the matter in issue, * * * nor need he give an answer which will have a direct tendency to degrade his character, unless it be to the very fact in issue, or of a fact from which the fact in issue would be presumed * * *." The defendant had been indicted for an assault with intent to commit rape. The prosecuting attorney asked the witness on cross-examination the following question : "Have you ever been arrested for a crime similar to this?" To which question counsel for defendant objected on the ground that the same was "immaterial, irrelevant and not cross-examination." The defendant did not refuse to answer the question on the ground of personal privilege. *Held,* that immunity from answering degrading or criminative interrogatories or cross interrogatories is purely a personal privilege of the witness, which he can claim or waive at his pleasure, and that his counsel can neither claim nor waive it for him, and that the court did not err in overruling the objection.

(No. 503.    Decided June 11, 1894.    37 P. R. 258.)

APPEAL from the district court of the fourth judicial district, Hon James A. Miner, *Judge.*

Charles H. Larsen appeals from a conviction of assault. *Affirmed.*

*Messrs. Evans & Rogers,* for appellant.

An arrest or an indictment under the law is nothing more than a mere accusation. The question as to whether defendant had ever before been arrested for a similar crime was not permissible. *People* v. *Hamblin,* 68 Cal. 101; *People* v. *Bishop,* 81 Cal. 113; *Ward* v. *Edesheimer,* 18 N. Y. Sup. 138; *State* v. *Huff,* 11 Nev. 17; *Newcomb* v. *Griswold,* 24 N. Y. 298; 1 Thomp. on Trials, § 535, and cases cited; 1 Green. on Ev. § 605, and note A.

*Mr. W. L. Maginnis,* Assistant U. S. Attorney, for respondent.

BARTCH, J.:

The defendant was indicted for an assault with intent to rape a female child of the age of 11 years, and was convicted of an assault. A motion for a new trial having been overruled, he appealed to this court. At the trial of the cause the defendant submitted himself as a witness in his own behalf, and on cross-examination the court permitted the prosecuting attorney, over the objection and exception of counsel for the defendant that it was immaterial and irrelevant, to ask the following question: "Have you ever been arrested for a crime similar to this?" It is insisted that the court erred in requiring the witness to answer the question, and this is the only point raised in the record. It is entirely optional with the defendant in a criminal action, to appear as a witness; and, if he fail to so appear, no presumption can be raised against him

because of said failure, but, if he once offer himself as a witness, then the prosecuting attorney may cross-examine him, the same as any other witness. Comp. Laws Utah 1888, § 5198. A witness is exempt from answering any question which has a tendency to subject him to punishment for felony; nor is he required to answer any question which has a tendency to degrade his character, unless it be to the very fact in issue, or to a fact from which the fact in issue would be presumed. Id. § 3959.

This immunity from answering degrading or criminative interrogatories or cross interrogatories is purely a personal privilege of the witness, which he can claim or waive, at his pleasure. His counsel can neither claim nor waive it for him. It is a privilege of crime, and he alone can know whether an answer will subject him to punishment. The witness may waive it, and answer, regardless of any objection of counsel. If he declines to answer, that circumstance cannot be permitted to draw an inference of the truth of the fact to which the question relates. When he chooses to become a witness in the case, he leaves his position as defendant, and while he is upon the stand he is subject to the same rules, and must submit to the same tests, which by law are applicable to other witnesses. Whart. Cr. Ev. §§ 430, 432; 1 Greenl. Ev. § 451; *Com.* v. *Shaw*, 4 Cush. 594; *State* v. *Wentworth*, 65 Me. 234; *Brandon* v. *People*, 42 N. Y. 265; *Paxton* v. *Douglas*, 16 Ves. 239. In this case the question was not claimed, by the witness, to be privileged. It was simply objected to by counsel as immaterial, irrelevant, and not cross-examination. Nor did it imply an answer which would prove a link in a chain of testimony, and render it sufficient to convict him of a crime. Nor would it be criminative evidence at all. He was merely asked whether he had been previously arrested for a similar offense. This was a

proper question on cross-examination, which he, having become a witness of his own volition, was bound to answer. The jury were to determine the weight which ought to be given to his testimony, and they had a right to know and understand the character and conduct of the witness whose statements they were called upon to believe, and this does not conflict with the presumption of innocence. It rests within the sound discretion of the trial court to determine the limits to which a cross-examination in a criminal case, may be conducted, on matter not relevant to the issue, for the purpose of judging of the character of the witness, and of the credit which ought to be given to his testimony from his own voluntary admissions. 1 Greenl. Ev. § 455; *People* v. *Hite,* 8 Utah, 461, 33 Pac. 254; *Hanoff* v. *State,* 37 Ohio St. 178; *People* v. *Mather,* 4 Wend. 229; *Connors* v. *People,* 50 N. Y. 240; *Territory* v. *O'Hare* (N. D.), 44 N. W. 1003. Such a cross-examination may be allowed whenever there is reason to believe that the ends of justice require it. In this case there appears to be no abuse of discretion, and the objection to the interrogatory by counsel cannot avail the defendant. The judgment is affirmed.

MERRITT, C. J., and SMITH, J., concur.