PEOPLE *v.* WALKER.

</div>

| 113 | 367 |
| s71NW | 641 |
| 129 | ¹624 |

1. TRIAL—INFANTS AS WITNESSES—COMPETENCY.

    The matter of receiving children under 10 years of age as witnesses is by 3 How. Stat. § 7546*a*, made so far discretionary with the circuit court that its judgment in permitting a child of six years to testify upon its promise to tell the truth, elicited after a private examination in the judge's office, will not be interfered with, unless the abuse of discretion is clear.[1]

2. CRIMINAL LAW—RAPE—FELONIOUS ASSAULT—SEPARATE COUNTS.

    Under an information charging, in separate counts, rape and improper liberties with the person of a female child, where the evidence does not exclude either theory, the case may properly be submitted to the jury upon both counts.

---

[1] The competency of children as witnesses is considered in a note to *State* v. *Michael*, (W. Va.) 19 L. R. A. 605.

3. SAME—EVIDENCE—HARMLESS ERROR.

> Upon a prosecution for taking improper liberties with the person of a female child six years of age, the admission of evidence that the complaining witness had stated that she had previously been subjected to similar treatment by another person, the accused having no connection therewith, is not prejudicial error.

Error to Ingham; Smith (Stearns F.), J., presiding. Submitted April 29, 1897. Decided June 7, 1897.

George J. Walker was convicted of taking improper liberties with the person of a female child, without intending to commit the crime of rape, and was sentenced to imprisonment in the state house of correction at Ionia for 18 months. Affirmed.

*Lawton T. Hemans*, for appellant.

*L. B. Gardner*, Prosecuting Attorney, for the people.

HOOKER, J. The defendant was convicted of the offense of taking indecent and improper liberties with the person of a female child, without committing or intending to commit the crime of rape, upon an information which contained a proper count charging such offense, and also a count for rape. The child was six years of age, and the only evidence supporting the charge was her unsworn statement, and the testimony of her mother, to whom she is said to have related the affair immediately after its occurrence.

Error is assigned upon the admission of the statement of the child. Previous to hearing her statement, the mother and child were taken by the judge into his private room for the purpose of ascertaining whether she had sufficient intelligence, and sense of obligation to tell the truth, to be safely permitted to testify, as provided by 3 How. Stat. § 7546*a*. On their return into court, the following dialogue occurred:

"*Examined by the Court: Q.* What are you going to do, Georgia, now? What did you go up in the chair for?

Do you know?   Can you tell?   Can you tell now, or are you afraid?   What was Dr. Root doing up there just a little while ago?   Do you know what he was doing?   Do you know what those men over there are there for?   Can't you tell?   Can't you tell how long you are going to stay down here today?   Do you think you could talk to Mr. Gardner, if he would talk to you, better than you can to me?

"*A.* Yes.

"*Q.* Do you know Mr. Hemans,—that gentleman that sits over there beyond the table?

"*A.* Yes, ma'am.

"*Q.* Do you know what it means to tell the truth? Do you know that?

"*A.* Yes, ma'am.

"*Q.* What would happen to you if you did not tell the truth?   What do you suppose would be the trouble? What do you think would happen to you if you should not tell the truth?   Would it make any difference whether you told the truth or not?   Do you know?   (Nods her head, yes.)

"*Q.* Well, what would happen to you if you should not tell the truth?   Would you be afraid to tell a lie?   (Nods her head, no.)

"*Q.* Now, if Mr. Gardner should talk to you about something here, will you promise me to tell the truth?

"*A.* Yes, ma'am.

"*The Court:* I think you may examine her under the promise, not under oath; she is not competent.

"*Mr. Hemans:* I should like to interpose an objection to the statement of the child, as incompetent.

"*The Court:* Yes; but the statutes say, 'To its own satisfaction.'   When the court has ascertained to its own satisfaction that such child has sufficient intelligence and sense of obligation to tell the truth, it would be safe to admit it to testify.   I will say here it is a matter of very serious doubt, so far as the idea of testimony is concerned.   It is received here more as showing a condition, or showing surroundings here; and I say to the jury that they may be very careful in their consideration of the matters, and pay attention and know what occurs, and the circumstances, and all about what appears before you here in the examination of this child.   You may proceed, Mr. Gardner."

113 MICH.—24.

The judge held that the child might testify, upon her promise to tell the truth.    It is contended that this examination was not such as to warrant the judge in being satisfied of her sense of obligation to tell the truth.    What occurred at the private examination, we do not know. From that, and the examination in court, the judge was satisfied; and we should not interfere with his discretion unless it is plain that he could not legally reach such conclusion, which we are unable to say.

We think it was proper to submit the case upon both counts, as the jury, if not satisfied that a rape was committed or intended, might, under the proof, find that a felonious assault was committed.

It was not material to this prosecution to show that the child had stated that she had previously been subjected to similar treatment by another person.    Moreover, it was hearsay.    But we can see no possible harm to the defendant in its admission, as he was not connected with the affair in any way.

The judgment is affirmed.

The other Justices concurred.