(80 N. W. Rep. 477.)

---

## State of North Dakota *vs.* John A. Ekanger.

Opinion filed October 21, 1899.

**Qualification of Juror—Opinion Based Upon Conversation with Person Cognizant of Facts.**

Under chapter 39, Laws 1897, the fact that a party called as a juror states on his voir dire that he has an impression concerning the guilt or innocence of the accused, gathered from a general conversation with a person claiming to have some knowledge of the facts, and which it will require evidence to remove, does not disqualify the party as a juror, if it satisfactorily appears to the Court that, notwithstanding such impression, the juror can and will, if accepted, fairly and impartially try the case on the testimony adduced and the charge of the Court.

**Ruling Upon Challenge When Not Reversed.**

The decision of the trial court in such a case is entitled to great ·respect, and will be disturbed only in clear case of abuse.

**Cross Examination of Defendant—Privilege Personal.**

The defendant, having gone upon the stand in his own behalf, might, on cross-examination, as affecting his credibility, be asked concerning collateral offenses; and, if he claimed immunity on the ground that his answers would tend to criminate him, he himself must make the claim under the sanctity of his oath.

**Husband and Wife—Liquor Nuisance—Instruction.**

Where the defendant was charged with keeping and maintaining a common nuisance, and the evidence tended to establish that the

nuisance was kept in a building in which defendant and his wife resided as their home, and that the lease was in the name of the wife, and that she paid the rent, and kept and sold intoxicating liquors therein with the knowledge and consent of the defendant, it was proper to instruct the jury that, if they found such facts to exist, they should find the defendant guilty.

Appeal from District Court, Walsh County; *Sauter, J.*

John Anderson Ekanger was convicted of keeping and maintaining a common nuisance, and appeals.

Affirmed.

*De Puy & De Puy,* for appellant.

An opinion formed by conversation with witnesses or by reading reports of testimony or evidence disqualifies. *Brown v. State,* 70 Ind. 576; *State v. Culler,* 82 Mo. 623; *Dugle v. State,* 100 Ind. 259; 12 Am. & Eng. Enc. L. 355. An opinion even though based on newspaper reports or rumors if so fixed as to require evidence to remove it, disqualifies though the juror may state that he can render a fair and impartial verdict on the evidence. *Olive v. State,* 7 N. W. Rep. 444; *Marion v. State,* 29 N. W. Rep. 911; *Cowan v. State,* 35 N. W. Rep. 405; *Miller v. State,* 45 N. W. Rep. 451; *Owens v. State,* 49 N. W. Rep. 226; *State v. Wilcox,* 39 Pac. Rep. 368; *State v. Lattin,* 52 Pac. Rep. 314; *State v. Murphy,* 37 Pac. Rep. 420; *Peo. v. Shufelt,* 28 N. W. Rep. 79; *Peo. v. Barker,* 27 N. W. Rep. 539; *Stephens v. Peo.,* 38 Mich. 739. The discretion of the trial court in denying a challenge is subject to review. *State v. Rutten,* 43 Pac. Rep. 30.

*Jeff M. Meyers,* state's attorney, for respondent.

The juror challenged was not disqualified for actual bias. Ch. 31, Laws 1897; *Aaron Burr's Case,* 1 Burr's Trial, 416; 12 Am. & Eng. Enc. L. 354 and cases cited.

BARTHOLOMEW, C. J. This was a prosecution for a violation of the prohibition law, the particular offense charged being that of keeping and maintaining a common nuisance. From a judgment of imprisonment and fine the defendant appeals.

The first assignment of error relates to the ruling of the trial court in denying a challenge for actual bias made by the defendant to a juror who was called as a talesman after defendant had exhausted his peremptory challenges. The juror, on his voir dire, stated, in substance, that he had conversed about the case with a party who "used to go to the house;" and that such conversation left upon his mind an impression as to the guilt or innocence of the defendant, which impression he still entertained, and it would require evidence to remove it. He also said that this was a general conversation,—a "kind of a street rumor,"—and that, notwithstanding the impression that he entertained, if accepted as a juror in the case, he could and would "try this case solely upon the evidence produced in court, under the charge of the court, fairly and im-

partially." The argument is that a juror who entertains an impression of the defendant's guilt, which it would require evidence to remove, is not an impartial juror, and every accused person has the constitutional right to be tried, and due process of law requires that he should be tried, by an impartial jury. Courts are very familiar with this argument. Formerly it was quite generally successful. The result was that as newspapers became more numerous, and reading more general, and the discussion of current topics more universal, courts found themselves forced to try important criminal cases before jurors too ignorant to read current news, and too ignorant to converse on current topics. To correct this evil, statutes more or less radical in their terms have been enacted in many of the states; their general purpose being to declare that the fact that a person called as a juror may have formed an opinion or received an impression concerning the case from conversations or newspaper reports shall not of itself disqualify the juror, even where it would require evidence to remove the impression or opinion. 12 Am. & Eng. Enc. L. (1st Ed.) p. 354, note. Nor do these enactments contravene the sixth amendment to the federal constitution, which guarantees trial by an impartial jury. *Hopt* v. *People,* 120 U. S. 430, 7 Sup. Ct. Rep. 614; *Ex parte Spies,* 123 U. S. 131, 8 Sup. Ct. Rep. 21. The decision under these statutes are not uniform, as reference to the cases cited in the note supra will disclose. That is because the statutes are not uniform. Some are much more restricted than others. The constant tendency is to broaden the qualifications of jurors. Our own statute is among the latest. It is found in chapter 39, Laws 1897, and reads: "But no person shall be disqualified as a juror by reason of the fact that he may have heard from others or read in newspapers or public journals, any statement or statements with regard to the case to be submitted to the jury, if it shall appear to the satisfaction of the court that the impression remaining upon the mind of such person from the statements so communicated to him, will not prevent him from trying the case fairly and impartially." This statute has not heretofore been passed upon by this Court. It will be noticed that the qualification does not depend upon the fact that the person may believe or state that he can try the case on the evidence fairly and impartially. Such a test will not be accepted. See cases cited in note, 12 Am. & Eng. Enc. L. (1st Ed.) p. 355. Our statute says "if it shall appear to the satisfaction of the court," etc. Clearly the statute places the decision of the matter where it should be placed. The shades and degrees of intelligence and candor are as numerous as the individuals, and the trial judge before whom the party appears, and who may himself examine the juror and note all his mental characteristics, is the person best qualified to determine whether or not the juror can fairly and impartially try the case on the evidence notwithstanding any impression he may have. We

do not hold that his determination of the matter is conclusive, but his decision "will be treated with great respect by this Court, and only reversed when, in its opinion, such decision is clearly wrong." *State* v. *Church*, 6 S. D. 89, 60 N. W. Rep. 143. It will be noticed also, that the impression need not be received from or upon "common rumor, statements in public journals, or common notoriety," as is the case in many statutes of this character. It may arise from what he has heard from others (no exceptions), or read in the newspapers or public journals. The fact that the juror in this case talked with one who knew the facts, although not a witness, as far as the record discloses, would under many statutes disqualify him, but not under our statute. We are clear that this assignment should be overruled. Among the many cases sustaining this ruling, we cite *Hardin* v. *State* (Ark.) 48 S. W. Rep. 904; *State* v. *Hunt*, 141 Mo. 626, 43 S. W. Rep. 389; *State* v. *Reed*, 141 Mo. 546, 42 S. W. Rep. 1149; *State* v. *Dent* (La.) 7 South. 694; *State* v. *Baker*, 33 W. Va. 319, 10 S. E. Rep. 639; *Hall* v. *Com.*, 89 Va. 171, 15 S. E. Rep. 517; *People* v. *McGonegal* (Sup.) 17 N. Y. Supp. 147.

The defendant went upon the witness stand in his own behalf, and on cross-examination was asked if he was not a professional gambler. The question was asked for the purpose of affecting the credibility of the witness. Over his objections as to incompetency, etc., he was required to answer. In that there was no error. See *State* v. *Rozum*, 8 N. D. 548, 80 N. W. Rep. 477, and authorities there cited. An attempt was also made by the attorney for the defendant to claim immunity from answering on the ground that the answer would tend to convict defendant of another offense, but the case was not brought within the rule announced in *State* v. *Kent*, 5 N. D. 516, 67 N. W. Rep. 1052, where we held that the claim must be made by the witness, and under the sanctity of his oath. What is here said applies also to the error alleged in requiring defendant's wife to answer certain questions against the objections of counsel that the answers would tend to incriminate her.

The recalling of the defendant by the state for further cross-examination after defendant had rested was a matter resting in the judicial discretion of the trial court. We find no abuse of such discretion. The matter elicited was proper cross-examination, and it was entirely proper to permit the state to rebut the statements of the defendant made on such cross-examination.

In this case the building where it is claimed the nuisance was kept and maintained was the domicile of the defendant and his wife, but the lease of the premises was in the name of the wife. It is claimed that she paid the rent, and that she conducted the unlawful business in said building. On this point the Court gave substantially the same instructions that were given by the trial court, and approved by this Court, in *State* v. *Rozum*, supra. Under our holding, there was no error in giving the instructions. Affirmed. All concur.