STATE OF NORTH DAKOTA V. ALBERT F. WERNER.

Opinion filed June 1, 1907.

**Competency of Jurors — Opinion Based on Rumor and Newspaper Reports.**

1. Following the rule announced in State v. Ekanger, 80 N. W. 482, 8 N. D. 559, it is *held* that a juror, who states on his voir dire that he has formed and entertains an opinion as to the guilt or innocense of the accused which it will require some evidence to remove, is not disqualified from serving, where it appears that such opinion is based wholly upon newspaper accounts of the transaction and common street gossip, provided it satisfactorily appears to the court that the juror can, and will if accepted, notwithstanding such opinion, fairly and impartially try the case on the testimony adduced and the law as given by the court.

**Same — Discretion of Trial Court — Review.**

2. The decision of the trial court upon an issue raised by a challenge to a juror for actual bias is entitled to great respect by this court, and will be disturbed only when it clearly appears that there was an abuse of discretion.

**Same — Child as Witness — Competency — Discretion of Trial Judge.**

3. Whether a child eight years of age possesses sufficient knowledge to comprehend the nature of an oath and is otherwise competent as a witness is for the trial judge to determine within a sound judicial discretion, and the absence of a clear abuse of such discretion this court will not reverse his decision.

**Criminal Law — Rape — Physical Capacity — Evidence.**

4. Defendant was prosecuted and convicted of the crime of rape in the first degree, and he challenges the sufficiency of the evidence to sustain the verdict. The prosecutrix, at the date of the commission of the offense, was a child only eight years of age, and it is contended that certain medical testimony conclusively demonstrates that that the condition of the child, when examined afterwards, was such that the crime could not have been consummated. *Held,* that there was sufficient evidence from which the jury was justified in finding the defendant guilty as charged.

**Same — Corroboration of Prosecutrix — Cross-examination.**

5. Three days after the commission of the alleged crime the prosecutrix made certain statements to her mother concerning the facts of the case, and the mother was called as a witness and permitted to detail the particulars of such statement over the objection of defendant's counsel. *Held,* that such testimony was competent, in view of the prior attempt on cross-examination of the girl to discredit and impeach her testimony therefore given to the effect that she had

made such statements to her mother, and also in view of the further fact that the defense had brought out on cross-examination a portion of such particulars. The various rules adopted by the courts in other states with reference to the admissibility of proof of such statements, together with the adjudicated cases in support thereof, are referred to in the opinion.

**Witnesses — Privileged Communication — Physician's Testimony.**

6. The prosecution was permitted, over defendant's objection, to prove by the witness Dr. Todd a certain conversation had between the witness, the defendant and the state's attorney, for the purpose of showing certain admissions of the defendant that he was afflicted with a loathsome disease which the state claimed was communicated by him to this girl. The gist of this conversation was as follows: Mr. Thorp, the state's attorney, asked defendant certain questions relative to his having a venereal disease, and among other questions he asked him what was the matter with him, to which defendant replied: "There is Dr. Todd who treated me. He can tell you." Thereupon Dr. Todd said in effect that defendant had a loathsome disease, naming it. The defense contends that it was improper to permit the doctor to narrate this conversation, for two reasons: First because it violated section 7304, Rev. Codes 1905, which provides that a physician or surgeon cannot be examined as a witness without the consent of the patient as to any information acquired in attending the patient; and, second, because such conversation could not be construed as either an express or implied admission on defendant's part of the fact sought to be proved. Such objection *held* untenable.

**Criminal Law — Trial — Reception of Evidence — Rebuttal.**

7. The state called Dr. Vidal in rebuttal, and proved by him, over defendant's objection that the same was not proper rebuttal evidence, certain facts relative to the physical condition of the prosecutrix, and also elicited from him as a medical expert an opinion conflicting with opinions given by defendant's witnesses based upon the condition of the child at the date of the trial. *Held* not error.

Appeal from District Court, Stutsman County. Pollock, J.

Albert F. Werner was convicted of rape in the first degree, and appeals.

Affirmed.

*J. F. Callahan* and *Engerud, Holt & Frame,* for appellant.

If the juror discloses that he cannot try the case impartially, uninfluenced by his previous opinion, he should be rejected. 1 Thompson on Trials, section 83; People v. Wilwarth, 156 N. Y. 566; State v. Riley, 78 Pac. 1001; People v. Suesser, 64 Pac. 1095.

A child witness with no realization of the obligations of an oath, and of low degree of intelligence, mental development and training even for a child of tender age, is incompetent. Morey v. Hoyt, 19 L. R. A. 611.

In prosecution for rape, the mere fact that the prosecutrix made complaint is all that is necessary or admissible to prove. 3 Greenleaf on Ev., section 213; People v. Mayes, 6 Pac. 691; People v. Stewart, 32 Pac. 8; Ellis v. State, 6 So. 768; Stephen v. State, 11 Ga. 225; Thompson v. State, 38 Ind. 39; State v. Shettlesworth, 18 Minn. 208 (Gil. 191); Baccio v. People, 41 N. Y. 265; Kirby v. Territory, 28 Pac. 1134; State v. Ivius, 36 N. J. L. 233; Reddick v. State, 34 S. W. 274; State v. Carroll, 32 Atl. 235; Lee v. State, 74 Wis. 45; Parker v. State, 10 Atl. 219.

In rebuttal, only rebuting testimony should be received, unless for good reasons in furtherance of justice, or to cure an evident oversight, the court permits evidence as in the original case. Rev. Codes, 1905, section 9984; People v. Quick, 25 N. W. 302; Reddick v. State, 16 So. 490; State v. Hunsaker, 19 Pac. 605; Williams v. Com. 14 S. W. 595.

*T. F. McCue,* Attorney General; *Edward H. Wright,* of counsel; *Geo. W. Thorp,* States Attorney.

If the court is satisfied that the juror can and will try the case impartially, notwithstanding that he may have heard statements, etc., he should be sworn. Rev. Codes, 1905, section 9975; Jones v. People, 5 Col. 48; Com. v. Webster, 5 Cush. 295; 1 Thompson on Trials, 79, 80, 81, 82 and 83; People v. Reynolds, 16 Cal. 129; People v. Symonds, 22 Cal. 349; State v. Dorsey, 5 So. 26; Guetig v. State, 66 Ind. 94, 32 Am. Rep. 99; State v. Field, 56 N. W. 276; Gillhooley v. State, 58 Ind. 182; State v. Rose, 32 Mo. 346; State v. Wilson, 85 Miss. 135; State v. Hoyt, 48 Conn. 518; State v. Reed, 89 Mo. 168, 1 S. W. 225; State v. Ekanger, 8 N. D. 559, 80 N. W. 482.

The discretion of the court in admitting the testimony of witness 8 years old was carefully, judicially and fairly exercised. State v. Reddington, 64 N. W. 170; State v. Michael, 19 L. R. A. 605; Wigmore on Evidence, Vol. 1, sections 505, 506 and 509, 1820, 1821.

Prisoner's statement by reference is the same as if made by himself. Wigmore on Evidence, Vol. 2, section 1069 and 1070; Greenleaf on Evidence, Vol. 1, section 182; Stevens on Evidence, ar-

ticle 19; Jones on Evidence, section 265; Chapman v. Twitchell, 37 Me. 59, 58 Am. Dec. 773; Duval v. Covenhoven, 4 Wen. (N. Y.) 564.

Party may waive the right to have privileged statements excluded. 4 Wigmore on Evidence, section 2388; 3 Jones on Evidence, section 779; Gillette on Indirect and Collateral Evidence, section 111; Wharton on Criminal Evidence, section 663.

Prosecutrix's statements made after the offense may be proven in detail and identity of person proven.   State v. Cook, 61 N. W. 185; State v. Watson, 46 N. W. 868; State v. Hutchinson, 64 N. W. 611; State v. Peterson, 82 N. W. 329; 4 Blk. Com., section 213; Brown v. People, 36 Mich. 203; 2 Crim. Reports, 586; People v. Goulette, 45 N. W. 1124; McCombs v. State, 8 Ohio 643.

Particularly where the prosecutrix is of tender years.   Territory v. Keyes, 5 Dak. 244, 38 N. W. 440; Territory v. Godfrey, 6 Dak. 481, 50 N. W. 481; People v. Glover, 38 N. W. 874; People v. Brown, 19 N. W. 172; Hanan v. State, 36 N. W. 1; Proper v. State, 55 N. W. 1035; People v. Gage, 28 N. W. 835; State v. Andrews, 105 N. W. 215; State v. Peres, 71 Pac. 162.

Delay in making the complaint only affects the credibility of the witness.   State v. Neel, 60 Pac. 510; State v. Wolf, 92 N. W. 673; State v. Halford, 54 Pac. 819; Trimble v. Territory, 71 Pac. 932; 19 Am. & Eng. Enc. Law (1st Ed.), page 961; 2 Wigmore on Evidence, section 1135.

Details of complaint are admissible when it is sought to impeach prosecutrix, or a portion of details is brought out on cross-examination.   1 Elliott on Evidence, section 566; 3 Greenleaf on Evidence, section 213; 4 Elliott on Evidence, section 3099; 4 Elliott on Evidence, section 3102; Wood v. State, 64 N. W. 355; State v. Neel, 60 Pac. 510; Territory v. Maldonado, 58 Pac. 350; State v. DeWolfe, 8 Conn. 93; 19 Am. & Eng. Enc. Law (1st Ed.), page 960; Griffin v. State, 76 Ala. 29.

FISK, J.   Defendant was convicted in the district court of Stutsman county on November 1, 1905, of the crime of rape in the first degree, and from a judgment sentencing him to confinement in the penitentiary for the term of 10 years he has appealed to this court, alleging numerous errors in the rulings of the trial court, and also alleging insufficiency of the evidence to sustain the verdict.

Appellant is about 26 years of age, and the female upon whom it is alleged that he perpetrated this crime is a mere child of about the age of eight years. Defendant for some time prior to the date of the commission of the alleged offense was on very intimate and friendly terms with the parents of the child, and a cousin of the mother, and for about a year prior thereto had resided in the family of the child's parents, during which time Lena, the prosecutrix, often slept in the same bed with him, and at other times she visited him at his own home nearby. The child's parents are German, and have resided in this country but a few years, and, while Lena can understand and speak English to some extent, she has had practically no school advantages, and it is insisted by appellant's counsel that she was unable to comprehend the nature of an oath and not of sufficient intelligence to be a competent witness. The other facts necessary to a complete understanding of the questions involved will be referred to later in this opinion. With this brief statement of the nature of the case, we will proceed to consider the alleged errors assigned by appellant's counsel.

The first three assignments call in question the correctness of the rulings of the trial court in denying defendant's challenges for actual bias of the jurors Corwin, Orlady and Thompson. It is contended, and we think such contention well founded, that, if these rulings were erroneous, they were manifestly prejudicial, as defendant was required to exhaust his peremptory challenges in order to exclude these jurors from the case, and hence was deprived of exercising challenges upon other jurors claimed to have been undesirable. These jurors on their voir dire stated in substance that they had read the newspapers purporting to give the facts involved in the case, and had heard the case discussed by others more or less, and had heard opinions expressed as to the guilt or innocence of the defendant, and that from what they had heard and read they had formed opinions which it would take evidence to change. On being examined further it developed that the opinions which they entertained were based solely upon newspaper articles and current gossip, and that they had no clear and distinct recollection of what they had read or heard, did not know who the witnesses were, and that, if accepted and sworn as jurors, they could and would disregard the opinions or impressions they had formed, and try the case according to the evidence and the law, and that they understood it would be their duty so to do. From a careful examination of their testimony we

are unable to say that the trial judge, in whom is vested by law a very wide discretion in such cases, clearly abused such discretion. As stated in State v. Church, 6 S. D. 89, 60 N. W. 143, which language was expressly indorsed by this court in State v. Ekanger, 8 N. D. 559, 80 N. W. 482, the decision of the trial court in passing upon the qualifications of jurors "will be treated with great respect by this court, and only reversed when, in its opinion, such decision is clearly wrong." The contentions of counsel for appellant with reference to the matters embraced in these assignments of error are, we think, fully and completely answered adversely to appellant in the opinion of Chief Justice Bartholomew in State v. Ekanger, supra, and the rule enunciated in that opinion meets with our unqualified approval, and we believe is sustained by the weight of modern authority. The question is ably treated, and the authorities collated, in 24 Cyc. pp. 286 to 298, inclusive. This disposes of appellant's first three assignments of error.

Appellant's fourth assignment of error, relating to the instructions to the jury, was expressly waived at the oral argument, and hence will not be noticed.

The next assignment relates to the competency as a witness of Lena Kuetbach. As before stated, she was only about eight years of age, and had been afforded but little, if any, school advantages. She was examined at great length, both by counsel and the court, with reference to her general knowledge, and such examination disclosed a somewhat less degree of intelligence than the ordinary child of her age; but, when her lack of advantages are considered, we are unable to say that she is not at least up to the average child of her age intellectually. She made intelligent answers to practically all of the many questions asked her by the court and counsel, and while she disclosed gross ignorance as to some things which a child of her age, but with better advantages, ordinarily is informed regarding, it appears that she quite fully understood and comprehended the import of the questions asked her, and that she as a witness was bound to tell the truth in regard to the facts of the case, and that she would be subjected to punishment for not so doing. Counsel for appellant contend that her preliminary examination before she was sworn, as well as her testimony as a whole after she was sworn, shows such a low degree of intelligence and lack of mental development and training, even for a child of her tender years, that as a matter of law she was incompetent as a witness; and they cite

State v. Michael, 16 S. E. 803, 37 W. Va. 565, 19 L. R. A. 605. The opinion in this case, no doubt, is sound under the facts of the case; but the child whose testimony was rejected was but five years of age, and a very brief examination bearing upon her competency as a witness was made.

The correct rule, and the one adopted by the great weight of modern authorities, is that there is no certain age at which the dividing line between competency and incompetency may be drawn. Intelligence, rather than age, should guide the court in determining the competency of the witness; and the trial court, in the exercise of a sound discretion, after an examination of the witness will determine whether the child possesses sufficient intelligence to comprehend the obligation of an oath. See 3 Jones on Ev. section 738, 739; State v. Juneau, 88 Wis. 180, 59 N. W. 580, 24 L. R. A. 857, 43 Am. St. Rep. 877; State v. Reddington, 64 N. W. 707, 7 S. D. 368; Wheeler v. U. S., 159 U. S. 523, 16 Sup. Ct. 93, 40 L. Ed. 244; State v. Levy, 23 Minn. 108, 23 Am. Rep. 678; 1 Wigmore on Ev. sections 505-507, inclusive. These authorities also hold that the decision of the trial judge as to the competency of the witness will not be disturbed, except for a clear abuse of discretion. Mr. Justice Brewer, in Wheeler v. U. S., said: "The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence, as well as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record, the decision of the trial judge will not be disturbed on review, unless from that which is preserved it is clear that it was erroneous." See, in addition to the above, People v. Craig, 111 Cal. 469, 44 Pac. 186; People v. Baldwin, 117 Cal. 244, 49 Pac. 186; People v. Daily, 135 Cal. 104, 67 Pac. 16; People v. Swist, 136 Cal. 520, 69 Pac. 223; State v. King, 117 Iowa 484, 91 N. W. 768; Com. v. Robinson, 165 Mass. 426, 43 N. E. 121; People v. Walker, 113 Mich. 367, 71 N. W. 641; Uthermohlen v. Boggs R. M. & M. Co., 50 W. Va. 457, 40 S. E. 410, 55 L. R. A. 911, 88 Am. St. Rep. 884. In the case last cited the rule is stated thus: "But the true rule is, where the trial court has excluded or admitted a witness in cases of infancy, that there can be no reversal, except in a very palpable, unquestionable case of error, amounting to an abuse of discretion. The cases must be very rare in which there can be a re-

versal for such cause." Considering the facts bearing upon the competency of this witness, as disclosed by the record, we are clear, in the light of the rule above stated, which we think is clearly based upon sound reason, appellant's fifth assignment of error must be overruled.

It is next insisted that the evidence was insufficient to justify the verdict. Appellant contends that there is no proof of penetration, except the testimony of the prosecutrix, and he insists that her testimony was conclusively proven to be untrue by the medical testimony in the case to the effect that the physical condition of the child, as disclosed by an examination afterwards, demonstrated beyond cavil that complete penetration could not have been effected, for the reason that the child's genitals were not lacerated, etc. Conceding this to be true, it by no means follows that there was not sufficient evidence from which the jury was fully warranted in finding that there was, at least, slight penetration, which, under the law, was all that was essential to constitute this element of the offense. It would serve no useful purpose to review at length all the testimony relating to this feature of the case. Suffice it to say that, after eliminating from our consideration this portion of the child's testimony, we are clearly convinced that the remainder of her testimony, considered in connection with the other evidence in the record, was amply sufficient from which the jury might find that there was penetration, within the meaning of the statute (section 8892, Rev. Codes 1905).

Appellant's seventh assignment of error is predicated upon the ruling of the court in permitting the mother of the child to testify as to statements made to her by such child. The testimony complained of related to statements made by Lena to her mother on June 16th, being three days after the offense was committed, in which she told her mother, in effect, that defendant had taken indecent liberties with her person. These statements were merely hearsay, and were incompetent, therefore, in chief, to prove the commission of the offense unless they come within some exception to the general rule as to hearsay testimony. The courts hold quite generally, however, that it is proper to prove that the prosecutrix, recently after the commission of the offense, made complaint to others as to the commission of such offense, basing their decision upon the ground that such testimony is admissible as being in corroboration of her testimony in court. Other courts base their decisions, sustaining the ad-

missibility of such testimony, upon the ground that such statements are a part of the res gestæ; while others give as a reason for the rule that the failure to complain of the outrage is a circumstance indicating that the female was a consenting party to the act. The latter reason does not appeal to us with much force; for, if such is the reason upon which the rule is based, then such rule could not well apply to a case such as this, where the outraged female is but eight years of age, and hence below the age of consent. If the rule is to apply at all, we think it certainly should apply in a case of this kind. We think the better rule is that such proof may be admissible as part of the res gestæ, if the statement was made immediately following the commission of the crime, in which event the particulars of the complaint may be proved as part of the state's case in chief, the same as any facts which are a part of the res gestæ. We think such testimony is also admissible in corroboration of the testimony of the prosecutrix, in which event it is unnecessary that statements should have been made so recently after the commission of the offense as to make it a part of the res gestæ. In most jurisdictions such testimony in the first instance is restricted to a mere statement of the fact that a complaint was made without disclosing the particulars thereof. 23 Am. & Eng. Ency. Law (2d Ed.) 874, and cases cited. In a few states, however, the courts permit the particulars of such statements to be given in evidence in the first instance for the purpose of corroborating her testimony, even though her credibility has not been attacked by the defense or her testimony in any manner impeached. 23 Am. & Eng. Enc. Law 875, and cases cited. The Supreme Court of Michigan, following the majority rule, hold that the particulars cannot be testified to in the first instance and are not admissible, except that they are brought out on cross examination; but the court recognizes two exceptions to the rule, holding that, if the statements are so intimately connected with the time and place of the crime as to be part of the res gestæ, the particulars of such statement are admissible, and also that they are admissible where the prosecutrix is of tender years. State v. Marrs, 125 Mich. 376, 84 N. W. 284; People v. Gage, 62 Mich. 271, 28 N. W. 835, 4 Am. St. Rep. 854; People v. Glover, 71 Mich, 303, 38 N. W. 874. The last exception above mentioned seems to have been recognized, also, by the Supreme Court of Wisconsin. See Bannen v. State, 91 N. W. 107, 115 Wis. 317, and cases cited.

It is unnecessary for us, in disposing of the case at bar, to commit ourselves to any of the foregoing rules, as it seems to be well settled by the adjudications that after the particular testimony of the prosecutrix has been attacked, or her credibility questioned by the defense, the state may prove the particulars of such statement, either by her or by the person to whom such statement was made, and, when the defense elicits on cross examination a portion of such particulars, it is competent for the state thereafter to prove the whole thereof; also that a cross-examination aimed at the impeachment of the prosecutrix as to such statement, entitles the state to show all the particulars. 23 Am. & Eng. Enc. Law 875, and cases cited; 3 Greenleaf on Evidence, section 213; 4 Elliott on Evidence, sections 3099, 3102; State v. Neel, 60 Pac. 510, 21 Utah 151; Wood v. State, 64 N. W. 355, 46 Neb. 58; Territory v. Maldonado, 58 Pac. 350, 9 N. M. 629; State v. De Wolfe, 8 Conn. 93, 20 Am. Dec. 90; Griffin v. State, 76 Ala. 29, 19 Am. & Eng. Enc. Law (1st Ed.) 960, and cases cited. Following the rule above announced, which we believe to be sound, we are of the opinion that it was not error for the trial court, under the facts disclosed by the record, to permit the mother to testify to the particulars of such complaint; the defense having, on cross-examination of the little girl, brought out a portion thereof and sought by such cross-examination to elicit facts tending to discredit and impeach the child's testimony in reference thereto.

Appellant's eighth assignment of error challenges the correctness of the rulings of the trial court in permitting the witness Dr. Todd to testify that defendant was afflicted with a certain loathsome disease and in refusing to strike out such testimony. It appears that this witness had treated defendant for a venereal disease during the winter and spring of 1905. Counsel for appellant most vigorously insist that these rulings were erroneous. The testimony objected to related to a conversation had between the witness and the state's attorney, Mr. Thorp, and the defendant, while these three persons were riding together in June, 1905, during which conversation Mr. Thorp asked defendant certain questions relative to his having a certain venereal disease, and, among other questions, he asked him what was the matter with him, to which he replied: "There is Dr. Todd, who treated me. He can tell you." Thereupon the doctor said: "He had a hard chancre." It is contended that it was error to permit the doctor to narrate this conversation, as such ruling vio-

lated section 7304, Rev. Codes 1905, which provides that a physician or surgeon cannot be examined as a witness without the consent of the patient as to any information acquired in attending such patient; also that the same could not be construed as either an express or implied admission on defendant's part of the truth of such statement. We are unable to agree with appellant's counsel as to either of these contentions. The doctor was not examined as to any information acquired by him in attending the defendant professionally; but he was examined for the sole purpose of proving the above conversation, which conversation was in no way privileged, and might have been proven as well by Mr. Thorp as by the doctor. The fact, if it be a fact, as contended by counsel for appellant, that the jury would unquestionably construe the same as a statement by the witness of the fact that the defendant was suffering from a disease, instead of construing it correctly as a mere narrative of the conversation above mentioned, does not make it less competent than would have been the testimony of Mr. Thorp to the same effect; and his testimony would have been clearly competent. We think the testimony admissible as tending to prove an admission on defendant's part, by implication, at least, that he was afflicted with a loathsome disease. See, as supporting this view, 2 Wigmore on Evidence, sections 1069, 1070; 1 Greenleaf on Evidence, section 182, and cases cited; Jones on Evidence, Vol. 1, section 265; 1 Am. & Eng. Enc. Law, 701, 702 and cases cited. This disposes of appellant's assignment of error No. 8.

The only remaining assignments relate to the rulings of the district court in permitting the witness Dr. Vidal to testify in rebuttal to his examination of the child at the time of the trial, and to state her condition at that time, and also in permitting him to give his professional opinion, based upon such examination and in response to hypothetical questions as to certain matters claimed to be proper only in making the state's case in chief. This witness was called by the state before defendant had finally rested his case, but with the latter's consent, for the purpose of accommodating such witness, who could not be present on the following day. We have examined the testimony of this witness carefully, and are of the opinion that the same was proper rebuttal evidence. The whole scope of this testimony, as we construe the same, merely tended to rebut the medical testimony of defendant's witnesses to the effect that the girl was suffering from eczema, instead of syphilis, and also to offset

their opinion evidence, in so far as it tended to show that, from the condition of the child, penetration could not have taken place. But, even if we should hold that this testimony was not all strictly rebuttal, it would not necessarily follow that a new trial should be granted. In what manner was the defendant prejudiced in his substantial rights? The record discloses that three of his medical experts resided in the same city where the trial took place, and the other at the city of Casselton, and it does not appear, therefore, that these witnesses were not easily accessible. Furthermore, defendant's counsel did not even intimate to the trial court that he desired to rebut any of this testimony, or to be given time in which to procure the attendance of his medical experts. Again, it is well settled that the trial court is vested with a broad discretion in regard to the order of proof at trials, and, except in cases of a clear abuse of such discretion, his decision will not be disturbed. Section 9984, Rev. Codes 1905, as we construe the same, does not change the general rule regarding the order of proof in criminal cases. For a discussion of such rule, see 3 Wigmore on Evidence, section 1867 et seq.; 2 Elliott on Ev., section 811, and cases cited; also 15 Enc. of Pl. & Pr., pages 383-393.

Finding no error in the record, the judgment appealed from is affirmed. All concur.