## STATE v. SYSINGER.

Time is not a material ingredient of statutory rape within Code Cr. Proc. § 225, providing that the precise time at which an offense was committed need not be stated in an information, except where a material ingredient thereof.

On a trial for statutory rape, complaining witness testified that she had intercouse with defendant on November 8, 1907. Defendant objected on the ground that it was alleged in the information that the offense was committed September 15, 1907, and requested the court to require the state to elect on what date it would rely in determining the time of the offense. **Held** that, only one act of intercourse having been shown, the request was correctly refused.

On a trial for statutory rape, prior acts of intercourse between defendant and prosecutrix are admissible, and are none the less so because occurring in another state or county.

On a trial for statutory rape, prosecutrix may testify that she is pregnant as a result of the intercourse.

Letters by a husband to his wife lose their character as privileged communications where delivered by her to prosecuting officers, and may be given in evidence.

Letters so poorly written and unintelligible that it would be difficult for the ordinary juror to read them may be explained or interpreted by a person skilled in deciphering writings.

Prior to July 1, 1907, the age of consent was 16, but was then raised to 18. Prosecutrix was over 16, but under 18 at the time of the alleged offense, which occurred November 8, 1907. **Held,** that prior acts of intercourse before July 1, 1907, were admissible, notwithstanding they occurred after prosecutrix had attained the age of 16, to corroborate her as to the act of November.

Accused may be asked on cross-examination if, prior to arrest, he had not gone by another name than that under which arrested.

(Opinion filed, March 2, 1910.)

Appeal from Circuit Court, Brule County, Hon. FRANK B. SMITH, Judge.

Henry Sysinger was convicted of rape in the second degree, and, from the judgment of conviction and an order denying a new trial, he appeals. Affirmed.

S. H. Wright, for appellant. S. W. Clark, Atty. Gen., Cloyd D. Sterling, Asst. Atty. Gen., and Clark S. Rowe, State's Atty., for the State.

CORSON, J. Upon an information duly filed by the state's attorney of Brule county, the defendant was tried and convicted of the crime of statutory rape, and from the judgment and order denying a new trial he has appealed to this court.

It is alleged in the information that the crime was committed on the 15th day of September, 1907, in the county of Brule. On the case being called for trial, the defendant's counsel interposed

a challenge to one of the jurors on the ground that he was biased against the defendant. An examination was had of the juror, and the court at its conclusion held that he was a competent juror, and denied the challenge. This ruling of the court is assigned as error. We are of the opinion that the decision of the court was correct, and the challenge properly denied under the ruling by this court in the case of Haugen v. C., M. & St. P. Ry. C., 3 S. D. 394, 53 N. W. 769. The question was so fully considered and discussed by the court in that case that we deem a further discussion of it at this time unnecessary. On the trial the complaining witness testified that she had sexual intercourse with the defendant on the 8th of November, 1907, in Brule county, in this state. The defendant objected to this evidence on the ground that it was alleged in the information that the offense was committed on the 15th day of September, 1907, and requested the court to require the state's attorney to elect upon what date he would rely in determining the time of the alleged offense. The court denied this request, and we think properly. By section 225 of the Code of Criminal Procedure it is provided that: "The precise time at which the offense was committed need not be stated in the indictment or information, but it may be alleged to have been committed at any time before the filing thereof, except when the time is a material ingredient in the offense." In the crime of statutory rape time is not a material ingredient of the offense, and proof that the crime was committed within three years prior to the filing of the information is sufficient. Only one act of illicit intercourse had been shown as occurring in Brule county, and hence the request, assuming that such request could, in any case, be properly made, was properly refused by the court.

It is further contended by the appellant that the court erred in permitting the state's attorney to prove upon the trial, over the objection of the defendant, that several distinct acts of illicit intercource were had between the defendant and the witness prior to the act proven to have been committed on the 8th of November, 1907. We are of the opinion, however, that the admission of this evidence did not constitute error, as an exception seems to be made in this class of cases, permitting such evidence to be given

on the trial, on the ground that illicit intercourse between the defendant and the prosecuting witness occurring prior to the specific act charged in the information does not in effect establish a substantive offense upon which a conviction might be had, but is admitted on the same principle that evidence of antecedent conduct and demeanor of parties toward each other is admissible, as tending to show the probability of the commission of the specific act charged, and as corroborative of the testimony of the prosecuting witness. In 23 Am. & Eng. Ency. of Law, 882, the learned author of the article on rape, in discussing this question, says: "In prosecutions for the carnal knowledge of an infant under the statutory age of consent, the authorities are in conflict on the question whether the prosecution may show in evidence more than one act of sexual intercourse between the prosecutrix and the defendant. According to the better doctrine, it is held that such evidence is admissible, and should not be excluded on the ground that it tends to prove separate and distinct felonies." And in 33 Cyc. 1483, the law in such cases is thus stated: "In prosecutions for statutory rape on a female under the age of consent, or on a woman imbecile, it is generally held that proof of acts prior to that alleged in the indictment is admissible, unless they are too remote in point of time." And the rule as stated seems to be supported by a large number of authorities, a few of which we cite, as follows: State v. Fetterly, 33 Wash. 599, 74 Pac. 810; State v. Borchert, 68 .Kan. 360, 74 Pac. 1108; Mitchell v. People, 24 Colo. 532, 52 Pac. 671; State v. O'Sullivan, 104 N. Y. 481, 10 N. E. 880; State v. Crouch, 130 Iowa, 478, 107 N. W. 173. In State v. Borchert, supra, the Supreme Court of Kansas held as appears by the headnote as follows: "In a prosecution upon a charge of statutory rape, where it is claimed that the act relied on for conviction was a part of a course of illicit sexual commerce between the defendant and the complaining witness, it is not error to admit evidence of other acts similar to that so relied on for the purpose of showing the relations existing between the parties." And the court in its opinion says: "The true rule is that testimony which is otherwise admissible

Vol. 25 S. D. 8.

as tending to prove the defendant guilty of the very crime charged is not rendered inadmissible by the fact that it also tends to show that he has committed some other crime. · The real inquiry here is whether the evidence objected to did fairly tend to show that the defendant was guilty of the one criminal act for which he was prosecuted. The state offered it as supporting the charge by showing the previous relations between the defendant and the prosecuting witness. It is well settled that in prosecutions for a single act forming a part of a course of illicit commerce between the sexes it is permissible to show prior acts of the same character. * * * Such cases are sometimes, as in State v. Markins et al., 95 Ind. 464, said to form an exception to the general rule that one crime cannot be proved in order to establish another · independent crime. In fact, however, they fall within the rule already stated. Such evidence is admitted, not because it proves other offenses, but in spite of that fact. Its justification is that it is corroborative of the direct evidence of the offense charged." While it is true in the case at bar that the prior acts occurred in the state of Ohio, and in Charles Mix county, in this state, yet, they were none the less admissible because not occurring in Brule county.

It is further contended by the appellant that the court erred in permitting the prosecutrix to testify that she was in a family way as a result of her intercourse with the defendant. This evidence was clearly competent and admissible, and the ruling of the court is sustained by the authorities. 23 Am. & Eng. Ency. of Law, p. 881; Woodruff v. State, 72 Neb. 815, 101 N. W. 1114; People v. Flaherty, 27 App. Div. 535, 50 N. Y. Supp. 574; State v. Robinson, 32 Or. 43, 48 Pac. 357.

It is further contended by the appellant that the court erred in permitting the state to introduce two letters in evidence alleged to have been written by the defendant to his wife, and by her delivered to the prosecuting officers, on the ground that they were privileged communications. These letters were offered for the purpose of showing that the defendant in effect admitted his guilt, and as tending to corroborate the evidence of the complaining witness. We are of the opinion that these letters were

properly admitted, and that after they left the hands of the wife of the defendant they ceased to be privileged and therefore became competent evidence in the case.    People v. Hayes, 140 N. Y. 484, 35 N. E. 951, 23 L. R. A. 830; State v. Hoyt, 47 Conn. 518, 36 Am. Rep. 89; 23 Am. & Eng. Enc. of Law, 97; State v. Buffington, 20 Kan. 599; State v. Mathers, 64 Vt. 101, 23 Atl. 590, 15 L. R. A. 268; Griffin v. Smith, 45 Ind. 366.    In People v. Hayes, supra, the learned Court of Appeals of New York held as appears by the headnote: "Where a written confidential communication between a husband and wife is given to a third person by the one to whom it was addressed, and is thus made public, the protection given by the statute to such a communication is waived.    It may be treated like any other communication, and put in evidence, if otherwise admissible."    And the court in its opinion says: "The further ground of objection to their admission was that they were confidential communications from a wife to her husband.    The answer to this objection is that the letters, after they had been received by the defendant, were given by him to his mistress, the prosecutrix, Annie M. Keating, and she subsequently delivered them to the district attorney by whom they were offered in evidence.    *   *   *    The result, however, is to release the letters from the operation of the rule as to confidential communication between husband and wife, and to leave them open to use as evidence to the same extent as if no such rule had ever guarded them.    The rule which protects confidential communications of this nature was founded upon a wise public policy, adopted and pursued for the purpose of encouraging to the utmost that mutual confidence between husband and wife, which is the strongest guaranty of a happy marriage. To this end the common law provided that all communications between husband and wife which were of a confidential nature should be kept inviolate, and should not be drawn from either party by any process of law.    I Stark. on Ev. M., p. 39; Greenl. on Ev. (14th Ed.) § 254." · In State v. Hoyt, supra, the Supreme Court of Connecticut, in discussing a similar question, says: "The state, having possession of several letters written by the defendant to his wife (how obtained or whether they were ever in

the wife's possession did not appear), offered them in evidence as containing admissions inconsistent with the testimony of the accused given in court and with his claim as to unsoundness of mind. They were objected to by the accused on the ground that they were confidential communications between husband and wife, but the court admitted the evidence. In this ruling the court violated no rule of evidence. The question was not whether the husband or wife could have been compelled to produce this evidence, but whether, when the letters fell into the hands of a third person, the sacred shield of privilege went with them. We think not. 1 Greenl. Ev. § 254t. The fact that the communications in this case were written places them on no higher ground than if they were merely oral. And, as to the latter, it is well settled that conversations between husband and wife are not privileged so as to prevent a third person who overheard them from testifying. I Bishop's Crim. Proc. § 1155."

It is further contended by the defendant that the court erred in overruling the objection of the defendant to the introduction of evidence of an expert to explain to, or interpret for, the jury the letters so alleged to have been written by the defendant to his wife, but we are of the opinion that the court committed no error in permitting the expert to explain them. The letters were so poorly written and unintelligible to the ordinary juror that it would be difficult for him to read them. The expert, who was a clerk in the post office at Chamberlain, familiar with handwriting, and competent to testify, gave what appears to have been an interpretation of the letters. Mr. Greenleaf in his work on Evidence (volume 1, § 280) says: "It is also superfluous to add that the rule does not exclude the testimony of experts to aid the court in the reading of a written instrument. If the characters are difficult to be deciphered, or the language, whether technical, or local and provincial, or altogether foreign, is not understood by the court, the evidence of persons skilled in deciphering writing or who understood the language in which the instrument is written, or the technical or local meaning of the terms employed, is admissible to declare what are the characters, or to translate the instrument or to testify to the proper meaning of the particular words."

It is further contended by the appellant that the court erred in denying defendant's motion to direct the jury to find a verdict for the defendant. The court was clearly right in denying this motion. If the jury believed the complaining witness and the corroborating proof introduced, as their verdict indicates that they did they were fully justified in finding a verdict against the defendant, and the case was not one calling for the direction of a verdict in favor of the defendant by the court.

It is further contended by the appellant that as the act fixing the age of consent at 18 did not become effective as a law until July 1, 1907 (see Laws 1907, c. 11), the admission of the evidence as to acts of illicit intercourse prior to that time was error. Prior to July 1, 1907, the age of consent was fixed by the law at 16, and it appeared from the evidence in the case at bar that the prosecuting witness was over 16 but under 18 at the time of the commission of the alleged offense, which occurred, as will be observed under the proof, on November 8, 1907. The acts of illicit intercourse testified to by the complaining witness as occurring in Ohio and in Charles Mix county were prior to the 1st day of July, 1907. We are of the opinion that the alleged prior acts of illicit intercourse occurring prior to the 1st of July, 1907, were admissible, notwithstanding they occurred after she had attained the age of 16 years for the purpose of corroborating the prosecuting witness' statments as to the act committed in November, 1907, and that the motion of the appellant to strike out the evidence as to the prior acts of illicit intercourse was properly denied.

It is further contended by the appellant that the court erred in permitting the prosecuting attorney. to ask the defendant on cross-examination if he had not gone by some other name than Sysinger prior to his arrest. We are of the opinion that the court committed no error in permitting this question to be answered. The defendant as a witness in his own behalf was subject to cross-examination as to all matters to which an ordinary witness would be subjected. The state has a right to ask the witness any question that would affect his general character, or tend to affect his credibility. If the defendant lived under an assumed name in

the community, or was known by another name than the one under which he was arrested, it would seriously tend to affect his credibility as a witness on the stand. People v. Larsen, 37 Pac. 258; State v. Ekanger, 8 N. D. 559, 80 N. W. 482; Territory v. O'Hare, 1 N. D. 30, 44 N. W. 1003.

It is further contended that the court erred in its charge to the jury. In the original charge the court committed an error in its instructions, but the jury were recalled and the error corrected by the court, in which it instructed them as follows: "The question will be, then, whether defendant in Brule county, within the time between July 1, 1907, and January 21, 1908, had sexual intercourse with Mable Burger. If you believe from all the evidence beyond a reasonable doubt that the defendant did have sexual intercourse within that time with Mable Burger, that she was not his wife, and that the act of sexual intercourse took place in Brule county, that she was then under the age of 18 years, you should find the defendant guilty." We are of the opinion that the charge of the court correctly stated the law to the jury in directing them to find the defendant guilty in case they believed beyond a reasonable doubt that the crime had been committed between the 1st day of July, 1907, and the filing of the information.

A number of other errors are assigned, but in the view we take of the case none of them possess sufficient merit to be entitled to a separate consideration.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.

WHITING, P. J. I concur in the result of the foregoing opinion. I have carefully examined the purported abstract herein, including the assignments of error therein contained, and do not question the views of my colleague upon the merits of this case, but I am of the opinion that the record in this case is in such condition that this court should ignore the same.

This case comes directly under the rulings of this court in the case of State v. McCallum, 23 S. D. 528, 122 N. W. 586, and should be controlled thereby. The purported bill of exceptions is nothing but a recital of the testimony by question and answer without the slightest attempt toward a condensation. The ab-

stract herein is a copy verbatim of such bill of exceptions without any attempt to eliminate any part thereof. Although the appellant in no manner relies upon a large number of the assignments contained in such bill of exceptions, such assignments together with the evidence upon which they purport to be based are recited in full in such abstract.

This case is one wherein, through the leniency of this court, the defendant was allowed to file a typewritten abstract and brief, and certainly the counsel employed by defendant can present no excuse whatever for the condition of the said bill of exceptions and abstract.