**CITY OF FARGO, Plaintiff
and Appellee,**

v.

**Patrick Timothy McMORROW,
Defendant and Appellant.**

**Cr. No. 1058.**

Supreme Court of North Dakota.

April 24, 1985.

John V. Boulger, Asst. City Atty., Fargo, for plaintiff and appellee; submitted on brief.

William Kirschner, Fargo, for defendant and appellant; submitted on brief.

LEVINE, Justice.

■ Article VI, § 5 of the North Dakota Constitution directs this Court to concisely state in writing its reasons for affirming a judgment. The appellant, Patrick Timothy McMorrow, was convicted in Fargo Municipal Court of disorderly conduct after threatening a police officer. He appealed and following a jury trial de novo in Cass County Court McMorrow was again found guilty of disorderly conduct. McMorrow appealed to this Court and raises but one issue: whether or not there was sufficient evidence to sustain his conviction.

A conviction rests upon insufficient evidence only when, even after viewing the evidence in a light most favorable to the prosecution, and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no rational fact finder could have found the defendant guilty beyond a reasonable doubt. *State v. Kringstad,* 353 N.W.2d 302 (N.D.1984).

■ To justify the conviction of disorderly conduct, the prosecution had to establish beyond a reasonable doubt that McMorrow, intending to harass, annoy or alarm another person, or acting in reckless disregard of the fact that the other person was harassed, annoyed or alarmed by his behavior, engaged in violent, tumultuous, or threatening behavior. Section 10–06–01, Revised Ordinances of the City of Fargo.

The evidence established that McMorrow approached a police officer, brandished his fist, pointed his finger at him and stated "he would kick his ass." The police officer testified as to his having been harassed, annoyed and alarmed.

McMorrow was given free reign to participate in his defense, along with his counsel, in an attempt to refute or explain this evidence. The jury was unpersuaded and so are we.

There being sufficient evidence to support the verdict, the judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.