STATE of North Dakota, Plaintiff
and Appellee,

v.

Rick SCHILL, Defendant and
Appellant.

Crim. No. 1232.

Supreme Court of North Dakota.

May 28, 1987.

Wendy P. Schulz, State's Atty., James-town, for plaintiff and appellee.

William Kirschner & Associates, Fargo, for defendant and appellant; argued by Ronnie Diane Rosenberg.

LEVINE, Justice.

Rick Schill appeals from a judgment of conviction of gross sexual imposition. He contends that the evidence is insufficient to support the jury verdict. We affirm.

In reviewing the sufficiency of the evidence to convict, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. *State v. Dubs,* 390 N.W.2d 41 (N.D.1986). A conviction rests upon insufficient evidence only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor. *City of Fargo v. McMorrow,* 367 N.W.2d 167 (N.D. 1985). To justify a conviction of gross sexual imposition, the State must establish beyond a reasonable doubt Schill's sexual contact with a child less than fifteen years old. North Dakota Century Code § 12.1-20-03(2)(a).

Viewing the evidence in a light most favorable to the verdict, the record shows that on separate occasions when Schill's seven-year-old niece stayed overnight at his residence, Schill entered the room where she was sleeping, removed her panties and touched her inside the vagina. While she could not remember how many times this occurred, she testified at trial that it happened more than once and at different locations, depending upon where Schill was living at the time. Using anatomically correct dolls, she described these incidents in an interview with a Grand Forks County Social Services social worker. She was also deposed by Schill's attorney. Both the interview and the deposition were videotaped and played to the jury.

Schill argues that because the child's testimony at trial is so inconsistent with her prior statements in the interview and deposition, it is insufficient to sustain a felony conviction. The inconsistencies relate to the frequency and the intrusiveness of each occurrence, as well as the scene of each occurrence.

While the child may have given inconsistent testimony about the specifics of each incident, she did not deviate from her basic position that Schill touched her in her "private parts" while she was staying with his family. The jury heard her testimony at trial and viewed the videotaped deposition and interview. The inconsistencies were argued to the jury by Schill's attorney in closing argument. Nonetheless, the jury deemed the child's testimony credible and rendered a guilty verdict.

■ It is the exclusive function of the jury to weigh the evidence and judge the credibility of witnesses. *State v. Manke,* 328 N.W.2d 799, 805 (N.D.1982). We will not substitute our judgment for that of the jury where the evidence is conflicting, if one of the conflicting inferences reasonably tends to prove guilt and fairly warrants a conviction. *State v. Olmstead,* 246 N.W.2d 888, 890 (N.D.1976). The jury weighed the credibility of Schill and the child, and apparently believed the child. Viewing the evidence in a light most favorable to the verdict, *i.e.,* accepting the child's testimony as true, we believe a rational fact finder could have found Schill guilty beyond a reasonable doubt.

Schill also argues that some corroboration is necessary to provide sufficient evidence in cases where the sole witness to the alleged act is a seven-year-old child whose testimony contains inconsistencies. It appears that Schill's argument for corroboration is grounded on his skepticism of a child's testimony. This skepticism appears to be shared by juries that are reluctant to convict for sexual abuse when the only evidence of the alleged crime is from the child's own mouth. *See generally* National Legal Resource Center for Child Advocacy and Protection, *Recommendations for Improving Legal Intervention in Intrafamily Child Sexual Abuse Cases,* at 32 (American Bar Association, Washington, D.C.1982). *See also* Goodman, Golding and Haith, *Jurors' Reactions to Child Witness,* 40:2 J.Soc. Issues, 139 (1984). A child's tendency to confuse fact and fantasy frequently has been cited as a reason to bar the child from testifying or to discount such testimony once given. Whitcomb, Shapiro, and Stellwagen, *When the Victim Is a Child: Issues for Judges and Prosecutors,* at 36 (printed by National Institute of Justice, U.S. Dep't of Justice, 1985); *see also* Berliner, *The Child Witness: The Progress and Emerging Limitations,* 40 U.Miami L.Rev. 167 (1985).

However, a relationship between age and honesty has not to date been established, and age is a somewhat arbitrary discriminator of legal competency to testify in court. *See* Whitcomb, Shapiro and Stellwagen, *supra* at 38. As early as 1907, this Court held that an eight-year-old child, the victim of rape, was competent to testify as a witness. *State v. Werner,* 16 N.D. 83, 112 N.W. 60, 62 (1907). In *State v. Oliver,* 78 N.D. 398, 49 N.W.2d 564, 572 (1951), the defendant, who was convicted of raping a six and one-half-year-old girl, argued that the testimony of the child was so unsatisfactory, self-contradictory and unreliable that the verdict should not be permitted to stand. In holding that the trial court did not err in refusing to set aside the verdict because of insufficiency of the evidence or because of the alleged unsatisfactory character of the evidence and of the testimony

of the child, this Court stated that once a witness has been held competent, the question of the credibility and reliability of the witness and the weight which should be given to his testimony are matters for the consideration and determination of the jury. *State v. Oliver, supra,* 49 N.W.2d at 574.

Under Rule 601, North Dakota Rules of Evidence, every person is competent to be a witness. Of course, with certain exceptions not relevant here, a witness must have personal knowledge, Rule 602, NDREv, and must be able and willing to testify truthfully. Rule 603, NDREv. As the explanatory note to Rule 601 makes clear, the evaluation of a particular witness is best made by the trier of fact through the process of weighing the testimony and assessing its credibility, rather than by the prior imposition of standards of competency. Here, there was evidence that the child understood the difference between truth and falsehood and the need to tell only the truth.

Furthermore, it is well established in North Dakota that the uncorroborated testimony of a rape victim is sufficient to sustain a conviction. *See State v. Janda,* 397 N.W.2d 59, 68 (N.D.1986). In a series of recommendations for legal reforms concerning child witnesses, the American Bar Association's legal resource center for child advocacy has called for abolishing the requirement of corroboration of a child's testimony. National Legal Resource Center for Child Advocacy and Protection, *supra* at 33. Only a few states have retained the requirement of corroboration of the child's testimony. Berliner, *supra* at 175. If it is credible, the uncorroborated testimony of a child has been held to be sufficient to support a conviction for child sexual abuse. *See generally,* Annotation, Modern Status of Rules Regarding Necessity for Corroboration of Victim's Testimony In Prosecution For Sexual Offense, 31 A.L.R.4th 120, 148 (1984). Although a child's uncorroborated testimony may be sufficient to sustain a conviction for child sexual abuse, the preferred practice obviously is to support that testimony with as much other evidence as possible. *See* Berliner and Barbieri, *The Testimony of the Child Victim of Sexual Assault,* 40:2 J.Soc. Issues 125, 133 (1984) for discussion of methods of corroborating child's testimony.

In this case, the child's testimony established the essential elements of the crime of gross sexual imposition and is sufficient to sustain the conviction. Accordingly, the judgment of conviction is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.