STATE of North Dakota, Plaintiff
and Appellee,

v.

Thomas J. MORSTAD, Defendant
and Appellant.

Cr. No. 920090.

Supreme Court of North Dakota.

Dec. 14, 1992.

Neil W. Fleming of Fleming, DuBois & Trenbeath, Cavalier, for defendant and appellant.

Michael E. Keller, State's Atty., Grafton, for plaintiff and appellee.

LEVINE, Justice.

Thomas J. Morstad appeals from a judgment of conviction of gross sexual imposition. He contends that the evidence is insufficient to support the court's verdict. We affirm.

In a criminal trial to a court without a jury, like this one, our standard of review is the same as if the case had been tried to a jury. *State v. Johnson*, 425 N.W.2d 903 (N.D.1988). We announced the standard of review which guides our disposition of this case in *State v. Schill*, 406 N.W.2d 660, 661 (N.D.1987), saying:

> "In reviewing the sufficiency of the evidence to convict, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. *State v. Dubs*, 390 N.W.2d 41 (N.D.1986). A conviction rests upon insufficient evidence only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor. *City of Fargo v. McMorrow*, 367 N.W.2d 167 (N.D.1985). To justify a conviction of gross sexual imposition, the State must establish beyond a reasonable doubt [defendant's] sexual contact with a child less than fifteen years old. North Dakota Century Code § 12.1–20–03(2)(a)."

▮ Viewing the evidence in a light most favorable to the verdict, the record shows that Morstad ordered his nine-year-old daughter to sleep in his bed on consecutive evenings. He rubbed his penis on her leg one evening and inserted his finger in her vagina the next evening. Expert medical testimony, though it neither confirmed nor denied that the sexual contact complained of occurred, was not, as the trial court observed, "incompatible with guilt" of gross sexual imposition.

Morstad argues that because the child described events that the evidence proved never occurred, her descriptions of sexual contact are not credible and, therefore, are

insufficient to sustain a felony conviction. The child's erroneous descriptions relate to peripheral events, such as the time and place Morstad picked up her and her siblings on the eve of the weekend during which the criminal conduct took place.

Although the child mistakenly depicted peripheral events that preceded the crime, "she did not deviate from her basic position" that Morstad touched her sexually on consecutive evenings. *See Schill*, 406 N.W.2d at 661. The judge heard all of the testimony, including the inconsistencies in the child's rendition of events. He was sensitive to the fact that the essentially uncorroborated testimony of the child stood "as the primary or sole evidence of [Morstad's] guilt," but resigned to the circumstance that he was in the unenviable position of having to "choose" between the conflicting testimony of father and daughter. Nonetheless, the judge explained why he deemed the child credible and rendered a verdict of guilty.

Because this case was tried to the court without a jury, it was "the exclusive function of the [judge, as fact finder,] to weigh the evidence and judge the credibility of witnesses. We will not substitute our judgment for that of the [fact finder] where the evidence is conflicting, if one of the conflicting inferences reasonably tends to prove guilt and fairly warrants a conviction." *Schill*, 406 N.W.2d at 661. Here, the judge weighed the credibility of Morstad and the child and believed the child. "Viewing the evidence in a light most favorable to the verdict, *i.e.*, accepting the child's testimony as true, we believe a rational fact finder could have found [Morstad] guilty beyond a reasonable doubt." *Id.*

Morstad also argues, utilizing a variety of theories, that some corroboration is, or, at minimum, should be, required to sustain a verdict of guilt in cases of this nature. We rejected a similar argument in *Schill*, *supra*, holding that the uncorroborated testimony of a child, if deemed credible by the fact finder, is sufficient to sustain a conviction of a sexual offense. That conclusion was a logical corollary to our long-standing

rules that: (1) intelligence, not age, is the linchpin of witness competency, *see Schill*, *supra; State v. Oliver*, 78 N.D. 398, 49 N.W.2d 564 (1951) [six and one-half-year-old rape victim competent]; *State v. Werner*, 16 N.D. 83, 112 N.W. 60 (1907) [eight-year-old rape victim competent]; NDREv 601, 602, 603; and (2) the uncorroborated testimony of a rape victim is sufficient to sustain a conviction. *E.g., Schill*, *supra; State v. Janda*, 397 N.W.2d 59 (N.D.1986); *State v. Klein*, 200 N.W.2d 288 (N.D.1972); *State v. Johnson*, 58 N.D. 832, 227 N.W. 560 (1929). Accordingly, *Schill* leads us to reject Morstad's corroboration argument.

■ Morstad's final and alternative contention is that the "verdict was contrary to the weight of the evidence" and that this court should, therefore, grant his request for a new trial. But, Morstad did not raise this contention below by timely moving the trial court for a new trial pursuant to Rule 33(a) and (c), NDRCrimP, and we will not consider this matter for the first time on appeal. *E.g., Olmstead v. First Interstate Bank of Fargo, N.A.*, 449 N.W.2d 804 (N.D.1989).

Counsel claimed at oral argument, however, that submission to the trial court of a Rule 33 motion would have been a "futile act" and that, in any event, he made and argued the motion "informally" at Morstad's sentencing hearing. Counsel lodged a nearly identical argument, albeit in a different context, in *Livingood v. Meece*, 477 N.W.2d 183 (N.D.1991). We rejected the argument in that case and we reject it now. Our insistence on a party's presenting an issue to the trial court before presenting it on appeal is not mere whim or caprice; it is to prevent that party from inviting error upon a trial court and then seeking to prevail upon appellate review of the invited error. *Carlson v. Farmers Ins. Group of Companies*, 492 N.W.2d 579 (N.D.1992). "Futile act" notwithstanding, it is essential that a party timely and squarely present the issue to the trial court, to allow that court appropriate time for consideration, including research, study and whatever contemplation the trial court

deems necessary. This, Morstad did not do.

We conclude that the child's testimony established the essential elements of the crime of gross sexual imposition and is sufficient to sustain the conviction. Accordingly, the judgment of conviction is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE and JOHNSON, JJ., concur.