In the Interest of A.G., H.G., and V.G., Children.

David E. BRAATEN, Director, Grand Forks County Social Services (Custodian), Petitioner and Appellee,

and

A.G., H.G., and V.G., Appellees,

v.

R.G. (Father), R.G. (Mother), and any other interested party, either by fact or by law, Respondents and Appellants.

Civ. No. 920346.

Supreme Court of North Dakota.

Sept. 29, 1993.

Mary F. Johnson of Spaeth, Thelen, Dearstyne & Van Voorhis, Grand Forks, for respondents and appellants; appearance by Kevin B. Spaeth.

Damon E. Anderson, Asst. State's Atty., Grand Forks, for appellee David E. Braaten, Director of Grand Forks County Soc. Services.

Gary E. Euren, Grand Forks, for appellees A.G., H.G. and V.G.

LEVINE, Justice.

This case is an appeal from an order terminating the parental rights of the appellants, each of whom suffers from a variety of mental disorders. The only issue raised on appeal is "whether a different reasonable services standard should be used to ensure that mentally handicapped parents receive the same rights that normal parents receive in termination proceedings." However, appellants did not raise this issue below and, therefore, we will not consider it on appeal. Accordingly, we affirm.

"Issues or contentions not adequately developed and presented at trial are not properly before this Court. The purpose of an appeal is to review the actions of the trial court, not to grant the appellant the opportunity to develop new theories of the case." *Hansen v. Winkowitsch,* 463 N.W.2d 645, 646 (N.D.1990) (citation omitted). One of the guidelines for raising an issue on appeal is that the issue was adequately raised in the lower court. *Williams County Social Serv. Bd. v. Falcon,* 367 N.W.2d 170, 176 (N.D.1985). The same rationale holds true for appeals from juvenile court decisions, in which we exercise a standard of review similar to a trial de novo. In *In Interest of J.A.L.,* 432 N.W.2d 876, 879 (N.D. 1988), a termination of parental rights case, we refused to consider an issue raised by an amicus on appeal which had not been raised in the trial court. We applied the same rule in *Huff v. K.P.,* 302 N.W.2d 779, 784 (N.D. 1981), stating that we "will not entertain objections which are raised for the first time in this court" in a juvenile delinquency adjudication. *See also In re F.H.,* 283 N.W.2d 202, 206 (N.D.1979) [noting in a termination of parental rights case that the father "failed to raise and preserve the issue of insufficiency [of the petition] before the juvenile court"]. Our steady adherence to the rule

that requires a party to present an issue to the lower court as a precondition to raise the issue on appeal is not "mere whim or caprice; it is to prevent that party from inviting error upon a trial court and then seeking to prevail upon appellate review of the invited error." *State v. Morstad,* 493 N.W.2d 645, 646 (N.D. 1992).

The rule is particularly apt, when, as is the case here, appellants ask us to depart from established precedent and advance a new rule of law. Because the issue was not raised below, we are deprived of the trial judge's valuable input into the process and the development of a record directed to the issue. *Cf. Holmgren v. N. D. Worker's Comp. Bur.,* 455 N.W.2d 200 (N.D.1990) [district court's analysis in its review of the Bureau's decision is entitled to respect]. *See also Federal Land Bank of St. Paul v. Halverson,* 392 N.W.2d 77 (N.D.1986) ["[F]ull development of the facts" is necessary to interpret meaning and impact of regulation].

Affirmed.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ.