STATE of North Dakota, Plaintiff and Appellee,

v.

Timothy Wayne VANCE, Defendant and Appellant.

Cr. No. 950063.

Supreme Court of North Dakota.

Sept. 22, 1995.

Mark R. Boening, Assistant State's Attorney and Tracy Molick (argued), 3rd Year Law Student, Fargo, for plaintiff and appellee.

Alisha L. Ankers, Johnson Law Office, Fargo, for defendant and appellant.

VANDE WALLE, Chief Justice.

This is an appeal by the defendant, Timothy Vance, from a judgment of conviction finding him guilty of gross sexual imposition in violation of section 12.1–20–03(2)(a) of the North Dakota Century Code. We affirm.

■ With an Information dated February 1, 1994, the State charged Vance with eight counts of gross sexual imposition in violation of section 12.1–20–03(1)(d), NDCC, for engaging in a "sexual act" with a victim less than fifteen years old. At the close of the prosecution's case on December 12, 1994, the trial court, sitting without a jury, permitted the State to amend the Information to charge Vance with eight counts of gross sexual imposition in violation of section 12.1–20–03(2)(a), NDCC, for engaging in "sexual contact" with a victim less than fifteen years old.

Vance challenges the State's amendment to the Information, claiming that the trial court erred in permitting the Information to be amended at the close of the State's case. Rules 7(e) and 31(c), N.D.R.Crim.P., guide this court's review of whether the trial court abused its discretion when it allowed the amendment. *State v. Robideaux*, 493 N.W.2d 210, 214 (N.D.1992). The trial court may permit an Information to be amended "at any time before verdict or finding, if no additional or different offense is charged and substantial rights of the defendant are not prejudiced." N.D.R.Crim.P. 7(e). Rule 31(c) provides that "[t]he defendant may be found guilty of an offense necessarily included in the offense charge[d] or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense." The disposition of this case is controlled by precedent:

> " 'An information may appropriately be amended to charge a lesser included offense of the offense initially charged, pro-

vided substantial rights of the defendant are not prejudiced.' *Government of Virgin Islands v. Bedford,* 671 F.2d 758, 765 (3rd Cir.1982). A lesser included offense 'would never constitute a "different" offense, and seldom an "additional" offense within the meaning of Rule 7(e) [FRCrimP].' *Id.* The primary purpose of NDRCrimP 31(c), and of its source in FRCrimP 31(e), is to aid the prosecution when it fails to prove all of the elements for the offense charged. *[State v.] Sheldon,* 301 N.W.2d [604] at 608 [N.D. 1980], 3 C. Wright, *Federal Practice and Procedure: Criminal 2d* § 515 (1982). Either the State or the defendant may request instructions on lesser included offenses. *Sheldon* at 608. An information notifies a defendant that he might have to defend against lesser included offenses. *Id.*"

*Robideaux,* 493 N.W.2d at 214–15.

■ Vance contends that he was prejudiced by the amendment because the original Information did not give him notice that he would have to defend against charges of "sexual contact." Under section 12.1–01–04, NDCC, an "included offense" encompasses an offense "[w]hich is established by proof of the same or less than all the facts required to establish commission of the offense charged." "Sexual contact" is defined as "any touching of the sexual or other intimate parts of the person for the purpose of arousing or satisfying sexual or aggressive desires." NDCC § 12.1–20–02(4). Whereas a "sexual act" is "sexual contact," a "sexual act" requires the additional proof of contact "between the penis and the vulva, the penis and the anus, the mouth and the penis, or the mouth and the vulva; or the use of an object which comes in contact with the victim's anus, vulva, or penis...." NDCC § 12.1–20–02(3). Therefore, section 12.1–20–03(2)(a), NDCC, which prohibits "sexual contact" is necessarily a lesser included offense of section 12.1–20–03(1)(d), NDCC, which prohibits a "sexual act."

■ Vance attempts to distinguish *Robideaux* by arguing that the original Information which charged Robideaux with manslaughter provided Robideaux with notice that she might have had to defend against

the lesser included offense of negligent homicide. Vance implies that the Information in *Robideaux,* in addition to the charge of manslaughter, contained specific language notifying Robideaux that she may have to defend against a lesser included offense. Vance misunderstands *Robideaux.* Quite simply, an offense charged in an Information inherently notifies the defendant that he or she may have to defend against lesser included offenses; no additional or specific language as to the lesser included offense is necessary to put the defendant on notice.

Like the defendant in *Robideaux,* Vance contends he was prejudiced by the amendment because he had prepared his defense based solely upon the charges of "sexual act" rather than "sexual contact" and the amendment permitted the State to carry a lesser burden of proof to obtain a conviction. For the reasons already stated, we are not persuaded.

In this instance, the amendment was made prior to verdict or finding and Vance shows no prejudice. Therefore, the trial court did not err in permitting the amendment because Vance was "'informed of the nature and cause of the accusation' against him as required by the [Six]th Amendment to the United States Constitution." *See Robideaux,* 493 N.W.2d at 215.

■ Vance next contends that the evidence is insufficient to sustain the guilty verdict. More specifically, Vance asserts that the trial court committed reversible error by finding Vance guilty of the offenses charged when the court could not determine from the evidence when the offenses took place. Vance waived his right to a jury trial, so the trial judge was the fact finder. The Information charged Vance with eight counts of gross sexual imposition, one count "in or about" each month from February through September 1993, a period in which Vance was residing with the child. Although the judge found Vance guilty on each count, the judge could not specify when the offenses were committed. Consequently, Vance challenges the sufficiency of the evidence to sustain each of the eight counts for which Vance was found guilty.

In a criminal trial, the standard of review for a defendant's challenge to the sufficiency of the evidence to sustain a conviction is the same whether a jury or the trial court in a case tried without a jury finds the defendant guilty. *State v. Johnson,* 425 N.W.2d 903, 906 (N.D.1988). The standard of review is well-established:

"In reviewing the sufficiency of the evidence to convict, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. A conviction rests upon insufficient evidence only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor."

*State v. Schill,* 406 N.W.2d 660, 660 (N.D. 1987) [citations omitted].

A conviction of gross sexual imposition requires the State to establish beyond a reasonable doubt that the defendant engaged in sexual contact with a child less than fifteen years old. NDCC § 12.1-20-03(2)(a); *see Schill,* 406 N.W.2d at 660. We have held:

"[U]nless time is an essential element of an offense, it is not required in a criminal prosecution that the crime be proved to have been committed on the precise date or time period alleged in the complaint or information. It is sufficient that the State prove the commission of the crime charged at any time prior to the filing of the complaint and within the period fixed by the applicable limitations statute."

*State v. Hatch,* 346 N.W.2d 268, 276 (N.D. 1984).

Time is not an element of the offense of gross sexual imposition. *See* NDCC § 12.1-20-03(2)(a); *see also People v. Jones,* 51 Cal.3d 294, 270 Cal.Rptr. 611, 623, 792 P.2d 643, 655 (1990) [stating that particular details, such as the precise date, time, place or circumstance, are not elements of a child molestation offense and are unnecessary to sustain a conviction]. Other jurisdictions have addressed the unique problems posed in the prosecution of a "resident child molester" when a defendant who has had undenied access to the child is accused of repeated acts of molestation occurring over a substantial period of time. The child,

"assertedly molested over a substantial period by a parent or other adult residing in his home, may have no practical way of recollecting, reconstructing, distinguishing or identifying by 'specific incidents or dates' all or even any such incidents ... [Any principles that] we develop should attempt to assure that the resident child molester is not immunized from substantial criminal liability merely because he has repeatedly molested his victim over an extended period of time."

*Jones,* 270 Cal.Rptr. at 616, 792 P.2d at 648. *See, e.g., People v. Luna,* 204 Cal.App.3d 726, 250 Cal.Rptr. 878, 890 (1988) [recognizing that when multiple offenses occur on a continuing basis, a child's testimony is often "reduced to a general, and customarily abbreviated, recitation of what happened"]; *State v. D.B.S.,* 216 Mont. 234, 239, 700 P.2d 630, 634 (1985) [noting that children are not "governed by the clock and calendar"].

Although the State's decision to charge one count of gross sexual imposition for each month that Vance resided with the child does not create an additional burden upon the State to prove beyond a reasonable doubt that an offense occurred specific to each month, there must nonetheless be sufficient evidence to support each count for which the defendant was found guilty. As one court has clarified:

"The victim, of course, must describe *the kind of act or acts committed* with sufficient specificity, both to assure that unlawful conduct indeed ·has occurred and to differentiate between the various types of proscribed conduct.... Moreover, the victim must describe *the number of acts* committed with sufficient certainty to support each of the counts alleged in the information or indictment.... Finally, the victim must be able to describe *the general time period* in which these acts occurred ... to assure the acts were committed within the applicable limitation period. *Additional details regarding the*

time, place or circumstance of the various assaults may assist in assessing the credibility or substantiality of the victim's testimony, but are not essential to sustain a conviction."

*Jones,* 270 Cal.Rptr. at 623–24, 792 P.2d at 655–56. *See People v. Obremski,* 207 Cal. App.3d 1346, 255 Cal.Rptr. 715, 719–20 (1989) [stating that in "resident child molester" cases the issue is credibility].

▉▉▉▉ We agree with these authorities. In this instance, the child must describe the number of acts with sufficient evidence to support each of the counts in the information to assure that the offenses indeed occurred. A child's inability to testify with more specificity may be used at the trial level to assess the child's credibility. But, in our review, "we do not weigh conflicting evidence, nor do we judge the credibility of witnesses; instead, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction." *Johnson,* 425 N.W.2d at 906.

Viewing the evidence in the light most favorable to the trial court's finding of guilt, the record shows that Vance resided in the same home with the eight-year-old child during the months of February through September 1993. During that time, Vance frequently had access to the child while the child's mother, who was in a relationship with Vance at the time, would be out of the apartment or asleep. After identifying the penis on a diagram of a man and the breasts, vagina, and buttocks on the diagram of a girl, the child testified that Vance had given her "bad touches." The child testified to multiple incidents in which Vance would touch her breasts with his hands, rub her vagina or buttocks with his penis, and try to "put his penis in" her vagina or buttocks. She testified that Vance would make her "rub his penis" with her hand and "put [her] mouth over his penis." Vance would give her "bad touches" at various locations including her bedroom, her mother's bedroom, the living room, the bathroom, a car, and her neighbor's apartment. The child testified that these "bad touches" happened about three times a week, but that they could have hap-

pened more than three times or sometimes less than three times a week. There was also medical testimony based upon an examination that the child's exam was "highly suspicious for sexual abuse."

▉▉▉▉ Vance claims that the testimony presented was inconsistent. Vance asserts that the child's testimony was unreliable, that the witnesses could not agree about such things as when a bed existed in the mother's bedroom and why the mother needed a babysitter, and that experts disagreed as to whether sexual abuse occurred. Notwithstanding the inconsistencies in the evidence, the child did not "deviate from her basic position" that Vance gave her "bad touches" on multiple occasions in various locations. *See State v. Morstad,* 493 N.W.2d 645, 646 (N.D.1992); *Schill,* 406 N.W.2d at 661. The judge observed the witnesses and heard all of the testimony. It was " 'the exclusive function of the [judge, as fact finder,] to weigh the evidence and judge the credibility of witnesses. We will not substitute our judgment for that of the [fact finder] where the evidence is conflicting, if one of the conflicting inferences reasonably tends to prove guilt and fairly warrants a conviction.' " *Morstad,* 493 N.W.2d at 646 [citing *State v. Schill,* 406 N.W.2d 660, 661 (N.D.1987) ]. In this instance, the judge weighed the credibility of Vance and the child and believed the child's testimony. The evidence presented established the essential elements of the crime of gross sexual imposition and is sufficient to sustain the conviction on all eight counts.

▉▉▉ In another attack on the inability of the State to allege and prove exact times of the offenses, Vance contends that the State's lack of specificity in the Information impaired his ability to prepare his defense. On February 10, 1994, Vance filed a Motion for Specificity, requesting the State to provide the defendant with specific dates of the offenses so that the defendant could "assess the potential for an alibi defense." *See* N.D.R.Crim.P. 12.1. One court has stated:

"First, time does not become an element of an offense merely because the defendant pleads an alibi defense. Therefore, [the defendant] has no statutory or constitu-

tional right to a charge framed so as to facilitate an alibi defense. Second, it is doubtful that an alibi defense is a realistic possibility because [the defendant] had continual contact with the child...."

*State v. Wilcox,* 808 P.2d 1028, 1033 (Utah 1991) [citations omitted]; *See State v. Dunbar,* 152 Vt. 399, 566 A.2d 970, 972–73 (1989) [stating that a defendant does not have a vested right to an alibi defense when time is not an element of the offense].

We have stated that time is not an element of the offense of gross sexual imposition. *See supra.* We agree that the defendant's request for more specificity does not make time an additional element of the offense. In this instance, Vance resided with the child and does not deny having continuous access to the child. When multiple acts of molestation are alleged by a minor child, specificity as to the time of the offense may be impossible. *See State v. Basker,* 468 N.W.2d 413, 417 (S.D.1991) [stating that although an information should contain as much specificity as possible, such detail may not be feasible and is not required for a defendant to prepare a defense]. An alibi defense is not likely to be a viable defense since the defendant does not claim that he was not alone with the child; rather, the defendant is really challenging the credibility of the child's testimony. *See Jones,* 270 Cal.Rptr. at 625, 792 P.2d at 657 (recognizing that alibi is not "likely to be an available defense" when the defendant has had continuous access to the child); *State v. Cozza,* 71 Wash.App. 252, 858 P.2d 270, 274 (1993) [finding that an alibi defense is not likely to be reasonable in resident child molester cases in which the "true issue" is credibility]. Vance was not denied the right to prepare his defense by the State's inability to be more specific as to the time of the commission of the offenses.

The judgment of conviction is affirmed.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.