# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 185

State of North Dakota,                                      Plaintiff and Appellee

   v.

Robert Jerome Watterud,                              Defendant and Appellant

## No. 20250082

Appeal from the District Court of Burke County, North Central Judicial District, the Honorable Stacy J. Louser, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Amber J. Fiesel, State's Attorney, Bowbells, ND, for plaintiff and appellee; on brief.

Alexander F. Reichert, Grand Forks, ND, for defendant and appellant; on brief.

**Crothers, Justice.**

[¶1]   Robert Watterud appeals from a district court judgment after a jury found him guilty of four counts of gross sexual imposition under N.D.C.C. § 12.1-20-03(2)(a). Watterud claims the evidence was insufficient to convict him of gross sexual imposition and the court erred in denying his motion for a mistrial. We affirm.

I

[¶2]   Watterud was arrested in August 2023, following a report made to the North Star Human Service Zone describing sexual misconduct. Watterud was charged with four counts of gross sexual imposition under N.D.C.C. § 12.1-20-03(2)(a). Trial began in September 2024, during which the victim testified Watterud's sexual contact began in kindergarten, when she was six years old, and the amount of sexual contact fluctuated but occurred regularly between 2013–2016. The mother of the victim testified Watterud admitted to an instance of sexual contact in 2013.

[¶3] During deliberations, the jury requested to review a portion of the evidence. The jury was brought back into open court to hear an audio recording because the court did not have a clean computer for the jury to listen to the audio recording while in the jury room. After listening to the recording the jury was escorted back to the jury room and resumed deliberations. The jury reached its verdicts and the court went back on the record. When court resumed, Watterud's attorney told the court that the victim's mother was in court "sniffling, crying, [and] making audible noises" while the jury was listening to the replayed audio recording. The court stated it "didn't hear anything"; the State "did not hear it," and Watterud's attorney did not notice it. Rather "[Watterud] brought it to [his] attention." Watterud's attorney told the court the State's Attorney spoke with the victim's mother before the jury was brought in to listen to the audio. The State responded and told the court they were informing the victim's mother of the upcoming proceedings. Watterud moved for mistrial, which the court

denied. Watterud was found guilty on all four counts of gross sexual imposition. After the verdicts were read, each juror was polled and said that they were aware other individuals were present when the audio recording was replayed, and that the presence of those individuals did not impact their verdicts. Watterud timely appealed.

II

[¶4]   Watterud claims the district court obviously erred by not determining the evidence was insufficient to convict him of four counts of gross sexual imposition under N.D.C.C. § 12.1-20-03(2)(a). He argues the evidence did not provide specific examples of sexual contacts charged in each year between 2013–2016.

[¶5]   Watterud did not move for a judgment of acquittal at trial. Therefore, the sufficiency of the evidence issue is not preserved for appellate review and we only examine the record for obvious error. *State v. Lane*, 2024 ND 134, ¶¶ 2-3, 9 N.W.3d 713.

[¶6]   When reviewing for sufficiency of evidence, "[t]his Court will assume the jury believed all evidence supporting a guilty verdict and disbelieved contrary evidence. This Court does not reweigh conflicting evidence or judge the witnesses' credibility." *State v. Watts*, 2024 ND 158, ¶ 14, 10 N.W.3d 563. The child victim needs to "describe the number of acts with sufficient evidence to support each of the counts in the information to assure that the offenses indeed occurred." *State v. Vance*, 537 N.W.2d 545, 550 (N.D. 1995). The specificity of testimony is used to assess credibility; however, this Court does not consider credibility when reviewing sufficiency of the evidence. *Id.*

[¶7]   The victim was a minor when the sexual contact occurred and when she testified at trial. Uncorroborated testimony of a child may be sufficient to sustain a gross sexual imposition conviction. In *State v. Schill*, this Court noted the preference to support testimony "with as much other evidence as possible" but concluded the "child's testimony established the essential elements of the crime of gross sexual imposition" and was sufficient to uphold a conviction. 406 N.W.2d 660, 662 (N.D. 1987).

2

[¶8] The victim here testified to the sexual contact beginning in kindergarten, when she was six years old. She testified the contact happened one to three times a month. She testified the sexual contact ceased for roughly three months. She testified to the frequency of the sexual contact increasing and decreasing across weeks and months, occurring at times when her mother was not home. She also testified the sexual contact occurred from 2013–2016.

[¶9] The victim's mother testified her daughter informed her of an instance of sexual contact in 2013. She testified Watterud "admitted to it" and said "it would never happen again." She also testified that she once found Watterud naked on the top bunk of the victim's bed when she returned from work. The brother of the victim testified that the victim told him of sexual contact occurring and that he reported it to his school counselor roughly five years later.

[¶10] Watterud claims insufficient testimony as to specific instances of sexual contact was used to support counts two and three. He argues double jeopardy and due process considerations require a greater level of specificity than was given at trial. Watterud argues general references to sexual contact without specific examples in each period is insufficient to uphold a conviction. He also argues he was convicted based on specific contact that occurred in different years and no specific instances of sexual contact were testified to occurring in two of the years.

[¶11] "A child's inability to testify with more specificity may be used at the trial level to assess the child's credibility. But, in our review, we do not weigh conflicting evidence, nor do we judge the credibility of witnesses." *State v. Vance*, 537 N.W.2d at 550. At trial, the victim testified the sexual contact occurred continuously across four years. This is sufficient for this Court's review. Even though specific instances were not testified to for each of the four years, the victim testified the sexual contact occurred regularly across the four years.

[¶12] When considering the facts in the most favorable light to the verdicts, the jury had evidence which they could reasonably infer guilt. The victim's testimony stated the sexual contact occurred across four years and she provided some specific instances of the contact. The victim also told her mother of an

instance of sexual contact, the mother testified she was notified of it and Watterud admitted to it when confronted. The mother also found Watterud sleeping naked in the victim's room on another occurrence.

[¶13] Viewing the evidence in a light most favorable to the verdicts, the district court did not obviously err when it did not *sua sponte* determine that the jury did not have sufficient evidence to reasonably infer guilt on each count. We therefore affirm the judgment.

III

[¶14] Watterud claims the district court abused its discretion when it denied his motion for mistrial. He argues the victim's mother "communicated" with the jury while, during deliberations, the jury was in open court listening to an audio recording being replayed. He argues the alleged communications violated his right to a fair trial.

[¶15] Granting a mistrial is only appropriate when a fundamental defect exists or manifest injustice would occur. *State v. Freeman*, 2024 ND 66, ¶ 7, 5 N.W.3d 517. This Court reviews a mistrial decision for an abuse of discretion. *Id*. "A district court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably, or when its decision is not the product of a rational mental process or if it misinterprets or misapplies the law." *State v. Taylor*, 2025 ND 91, ¶ 9, 20 N.W.3d 678.

[¶16] Section 29-22-02, N.D.C.C., regulates juror deliberations during criminal trials:

> The jurors shall retire in charge of one or more officers who must be sworn to keep them together in some private and convenient place until they have rendered their verdict. Such officer or officers shall furnish food and other necessaries to the jurors, at the expense of the state, as directed by the court, and may not speak to nor communicate with such jurors or any of them nor permit any other person so to do except by order of the court. Men and women jurors may retire, when rest or sleep or propriety requires it, to separate rooms.

4

The goal of the statute is to "ensure extraneous influences and communications do not taint jury deliberations." *State v. Pickens*, 2018 ND 198, ¶ 20, 916 N.W.2d 612.

[¶17] Ensuring deliberations are free from inappropriate influence is of significant importance. But many procedures after deliberations begin require the jury be in open court to simultaneously protect the defendant's right to a public trial. Rule 43(a)(3), N.D.R.Crim.P., provides the procedure for a jury question and rereading or replaying testimony after deliberations have begun:

> (A) In General. If, after beginning deliberations, the members of the jury request information on a point of law or request to have testimony read or played back to them, they must be brought into the courtroom. The court's response must be provided in the presence of counsel and the defendant.
> (B) Agreed Manner of Response. In the alternative, after consultation with counsel in the presence of the defendant, the court may respond to a jury's question or request for testimony in a manner other than in open court if agreed to by counsel and the defendant.

[¶18] Rule 43(a)(3)(B), N.D.R.Crim.P., provides an exception to Rule 43(a)(3)(A), and provides that, if the defendant agrees, the jury's question or request for testimony can occur other than in "open court." We have equated "the courtroom" referred to in N.D.R.Crim.P. 43(a)(3)(A) to mean "open court" as used in N.D.R.Crim.P. 43(a)(3)(B). *See Pickens*, 2018 ND 198, ¶ 16 (concluding on application of N.D.R.Crim.P. 43(a)(3)(A) "[t]he district court erred by not calling the jury into open court and informing them that audio of the testimony was available").

[¶19] Reading subsections (A) and (B) together, N.D.R.Crim.P. 43(a)(3)(A) requires the jury's question or request to review testimony must be answered in open court unless the defendant otherwise agrees. Here, Watterud did not make such an agreement. "Open Court" refers to "a court session that the public is free to attend." *Open Court*, *Black's Law Dictionary* (11th ed. 2019). Rule 43(a)(3), N.D.R.Crim.P., requires, as a default, the jury be brought into open court when, during deliberations, it has a question or requests to review testimony. *See also* N.D.C.C. § 29-22-05, which was superseded by N.D.R.Crim.P. 43 ("After the

5

jurors have retired for deliberation, if they desire to be informed on a point of law arising in the cause, or to have any testimony about which they are in doubt or disagreement read to them, they, upon their request, must be conducted into the courtroom by the officer who has them in custody.").

[¶20] After the district court responds to the jury's question, or in this case a request to review an audio recording of evidence, the court must determine how the information is going to be reviewed by the jury. In *Archambault v. State*, we determined sending a "clean" laptop to the jury room, for the review of evidence, was not an error. 2024 ND 38, ¶ 18, 4 N.W.3d 312. The decision to permit a device, like a "clean" laptop, in the jury room is a discretionary decision for the court. *Id.* ¶ 21. The court here discussed sending a laptop to the jury room, but did not have one available. The court then determined the recorded interview would be replayed in open court.

[¶21] Ensuring communications do not taint jury deliberations is an obligation and interest of the courts. *Pickens*, 2018 ND 198, ¶ 20. Without a record of the interactions between the jury and others, we can only speculate whether any communications occurred and, if so, whether the communications violated the defendant's constitutional rights. *Id.* ¶ 24. If the district court cannot send a device to review evidence into the jury room, placing them in open court to review evidence ensures a record is kept and we are able to review any communication with the jury. The error in *Pickens* was a third party potentially communicating with the jury in an unexpected way that was not preserved in the record. *Archambault*, 2024 ND 38, ¶ 19 (citing *Pickens*, ¶ 21). Because the judge here brought the jury into open court, in accordance with our rule and case law, we are able to review the alleged communication with the jury.

[¶22] In *State v. Weisz*, this Court stated "mere reliance upon N.D.C.C. § 29-22-02 without a showing of actual prejudice" does not deny the defendant a fair trial. 2002 ND 207, ¶ 8, 654 N.W.2d 416 (quoting *State v. Bergeron*, 340 N.W.2d 51, 59 (N.D. 1983)). A facial violation is insufficient to violate the right to fair trial, actual prejudice is required. *See id.* ¶¶ 8-9. In *Weisz*, after the jurors began deliberations, court staff allowed a juror to speak with his wife on the phone, who had been injured and hospitalized that day. *Id.* ¶ 3. We determined "nothing

6

in the affidavit indicating the jurors' deliberations were affected by the telephone call" and determined no prejudice existed or obvious error occurred. *Id.* ¶¶ 10-11.

[¶23] Watterud's motion for mistrial was based on his statement that the victim's mother was in court sniffling, crying, and making noises while the jury was reviewing testimony. The district court, the State, and Watterud's attorney stated they did not hear anything. After the verdicts were read, each juror was polled and said they were "aware [of] other individuals [] present, and that the presence of those individuals did not impact their verdicts."

[¶24] On this record, the district court had conflicting information about alleged reactions from the victim's mother. The court did not make a finding whether the victim's mother made the noises, but instead denied a mistrial without specifically explaining why. However, even assuming the noises occurred, a facial violation of N.D.C.C. § 29-22-02 is insufficient and actual prejudice is required to taint the jury's deliberations. *Weisz*, 2002 ND 207, ¶¶ 7-8; *see also State v. Driver*, 2024 ND 48, ¶ 8, 4 N.W.3d 551 ("[I]nterests of justice require that the defendant in a criminal action receive a fair trial, not a perfect trial.").

[¶25] Although Watterud reported the alleged communication, the jurors all stated the presence of others in the courtroom during the replay of evidence did not impact their verdicts. On this record, no facts allow for a finding of actual prejudice. Therefore, the district court did not act arbitrarily, unreasonably, or inconsistent with law when it denied Watterud's motion for a mistrial.

IV

[¶26] We conclude sufficient evidence supported the jury finding Watterud guilty beyond a reasonable doubt of four counts of gross sexual imposition under N.D.C.C. § 12.1-20-03(2)(a). The district court did not abuse its discretion in denying Watterud's motion for mistrial. We affirm the district court judgment.

[¶27] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers

7

Jerod E. Tufte
Douglas A. Bahr

8