# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 186

State of North Dakota,                                          Plaintiff and Appellee

v.

Andrew M. Barrett,                                          Defendant and Appellant

## No. 20250114

Appeal from the District Court of Dunn County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

REVERSED.

Opinion of the Court by Crothers, Justice.

Jonathan R. Byers, Special Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Andrew Barrett appeals from the district court judgment after a jury found him guilty of two counts of gross sexual imposition, one a class AA felony and one a class A felony. Barrett was convicted on both counts and sentenced to a 20-year term, 10 suspended, with sentences running concurrently. Barrett claims his right to a public trial was violated. We reverse the judgment and remand for a new trial.

I

[¶2]   Barrett claims his right to a public trial was violated when the district court closed the courtroom to the public while the jury was reviewing evidence. During deliberations, the jury asked the court to review a recorded interview. The court did not have a device available for the jury to listen to the recording in the jury room. The court noted that the recording needed to be played in the courtroom, and discussed with counsel whether the jury listening to the recording constituted juror deliberations requiring closure. The court noted that, if the courtroom were closed, it would need to make findings on the *Waller* factors. *Waller v. Georgia*, 467 U.S. 39, 48 (1984). Although Barrett did not object to closing the courtroom, he asked the court to consider leaving the courtroom open because he questioned whether reviewing evidence constituted juror deliberations:

> THE COURT: Yeah. Yep. So Counsel, I believe I have to do the *Waller* determination at that point.
>
> MR. SUHR: Is—and I guess I don't know for sure the answer to this. Is them simply viewing the video evidence deliberations? I have had cases where, just to view, they're brought back into court, the courtroom is left open, they view, and then they return to deliberate. So I think the first question is, are they actually in the deliberation process or are they just asking to review evidence that they don't have with them?

[¶3]   The district court determined reviewing evidence was juror deliberations that required exclusion of the public, and closing the courtroom required a *Waller* analysis. The first *Waller* factor is: "The claiming party must advance an overriding interest that is likely to be prejudiced." *State v. Rogers*, 2018 ND 244, 919 N.W.2d 193 (citing *Waller*, 467 U.S. at 48). On this factor, the court found:

> THE COURT: Well, it's jury deliberations and we never allow the public access to the jury while they are deliberating. None of us have access to the jury while they are deliberating. So I do not want to cause any prejudice to them.

The court asked both parties if the findings were adequate for the record. Both parties agreed the findings were adequate.

II

[¶4]   In *State v. Haney*, this Court identified the analysis required to determine if the right to public trial was violated:

> In considering a defendant's claim his right to a public trial was violated, "we first consider whether the claim of error was preserved at trial. We then consider the threshold question of whether there was a closure implicating the public trial right." [*State v.*] *Linner*, 2023 ND 57, ¶ 7, 988 N.W.2d 586 (quoting [*State v.*] *Martinez*, 2021 ND 42, ¶ 3, 956 N.W.2d 772). If there was a closure, we decide "whether the trial court made pre-closure *Waller* findings sufficient to justify the closure." *Id.* When a defendant does not preserve the public trial issue with a timely objection at the trial, we review only for obvious error. *Id.* To establish obvious error, the defendant must demonstrate a plain error that affected the defendant's substantial rights. *State v. Pemberton*, 2019 ND 157, ¶ 8, 930 N.W.2d 125; *see also* N.D.R.Crim.P. 52(b); *State v. Frederick*, 2023 ND 77, ¶ 4, 989 N.W.2d 504.

2023 ND 227, ¶ 19, 998 N.W.2d 817.

[¶5]   We review a district court's *Waller* findings for clear error. *State v. Coons*, 2023 ND 115, ¶ 4, 992 N.W.2d 521. Barrett did not object at trial; therefore, we review for obvious error if the issue was not waived. *Martinez*, 2021 ND 42, ¶ 12.

A violation of the right to a public trial is a structural error and can be waived or forfeited if not raised in the district court. *Id.* ¶ 4. A waiver must be made knowingly, intelligently, and voluntarily. *Id.* ¶ 13. The court did not inform Barrett of his right to a public trial and did not ask Barrett to waive his right. We determine no knowing, intelligent, or voluntary waiver occurred. *See id.* ¶ 35 (determining the right to public trial was forfeited, not waived, when the district court "did not inform [defendant] that he had a right to a public trial [and] did not inquire of [defendant] to elicit an express waiver"). Because Barrett forfeited but did not waive his public trial objection, we review the question for obvious error. *Id*. ¶ 36.

[¶6]   The threshold issue is whether there was a closure implicating the public trial right. *Haney,* 2023 ND 227, ¶ 19. "[T]he Sixth Amendment public trial right attaches from the beginning of adversarial proceedings through sentencing." *Martinez*, 2021 ND 42, ¶ 19. If a closure occurred, this Court looks at "whether the trial court made pre-closure *Waller* findings sufficient to justify the closure." *Haney*, ¶ 19. Here, the public trial right attached and the district court made findings on the *Waller* factors.

[¶7]   The dispositive question in this case is whether the district court obviously erred by closing the courtroom while the jury reviewed evidence. Our obvious error review requires identification of an error, that is plain, and that affects the defendant's substantial rights. *Martinez*, 2021 ND 42, ¶ 36. Plain error requires "a clear deviation from an applicable legal rule under current law." *Id.* ¶ 36.

[¶8]   The Sixth Amendment of the United States Constitution and article I, section 12 of the North Dakota Constitution require a defendant receive a public trial in criminal prosecutions. The North Dakota Century Code and the Rules of Criminal Procedure provide related protections when a deliberating jury has a legal question or requests to review evidence that is not available to them in the jury room.

[¶9]   Rule 43(a)(3), N.D.R.Crim.P., requires the jury to be brought into open court, when the jury requests information on a point of law or requests testimony be read or played to them. *See State v. Watterud*, 2025 ND 185, ¶ 19 ("Reading

subsections (A) and (B) together, N.D.R.Crim.P. 43(a)(3)(A) requires that the jury's question or request to review testimony must be answered in open court unless the defendant otherwise agrees."). Section 29-22-05, N.D.C.C., now superseded by N.D.R.Crim.P. 43, provided a statutory right for the defendant to be present in open court when a jury requests evidence be reviewed. ("Upon their being brought into court, the information required must be given in the presence of, or after notice to, the state's attorney and the defendant or the defendant's counsel, or after they have been called."). The procedural right of N.D.R.Crim.P. 43 and the absorbed statutory right of N.D.C.C. § 29-22-05 both state the courtroom must be open during these proceedings, absent waiver.

[¶10] Barrett argues the district court erred by concluding that reviewing evidence constituted juror deliberations. We agree. *See State v. Curtis*, 2009 ND 34, ¶ 26, 763 N.W.2d 443 (collecting cases and stating, the now superseded, N.D.C.C. § 29-22-05 "unequivocally gives defendants a statutory right to have a jury brought into the courtroom and requires the court to have requested testimony read to the jury and to inform the jury on points of law"); *Watterud*, 2025 ND 185, ¶ 19 ("Rule 43(a)(3), N.D.R.Crim.P., requires, as a default, the jury be brought into open court when, during deliberations, it has a question or requests to review testimony."); *see also Chamber v. Janda*, No. 1:13–cv–00230 LJO MJS (HC), 2013 WL 4012632, at *11 (E.D. Cal. Aug. 6, 2013) (determining the replaying of evidence in open court was within the scope of the constitutional right to a public trial). The court erred in its application of law by determining the jury reviewing evidence constituted deliberations requiring closure. The court made a corresponding error on the first *Waller* factor by finding the reviewing of evidence constituted deliberations and there was an overriding interest of needing to close the courtroom to the public. This determination is a misapplication of law and an error satisfying the first element in our analysis.

[¶11] The second obvious error requirement is the mistake is plain, in clear deviation from an applicable legal rule under current law. *Martinez*, 2021 ND 42, ¶ 39. The district court determined the review of evidence constituted juror deliberations that must be closed to the public. For a closure of the courtroom to satisfy constitutional requirements, the *Waller* factors must have been properly applied. *State v. Morales*, 2019 ND 206, ¶ 21, 932 N.W.2d 106 (citing *Rogers*, 2018

4

ND 244, ¶ 15). Rule 43, N.D.R.Crim.P., and section 29-22-05, N.D.C.C., have constitutional underpinnings protecting a defendant's right to be present at trial. *Curtis*, 2009 ND 34, ¶ 28. This statute and rule also protect the constitutional right to a public trial. *Id.; see id.* ¶ 26 ("[A]ll communications with the jurors, after a case has been submitted to them, must be made in open court . . . ."); *see also Watterud*, 2025 ND 185, ¶ 17. ("We have equated 'the courtroom' referred to in N.D.R.Crim.P. 43(a)(3)(A) to mean 'open court' . . . .").

[¶12] The constitutional right to public trial requires an "overriding interest that is likely to be prejudiced" to close a courtroom. *Rogers*, 2018 ND 244, ¶ 15 (quoting *Waller*, 467 U.S. at 48). Without this interest, a defendant's right to public trial has been violated. *Morales*, 2019 ND 206, ¶ 21. Closing the courtroom for a jury's request to review evidence is not an interest that needs to be protected. It is the opposite. Our statutes and rules emphasize the importance of ensuring the defendant's right to an open courtroom, with the goal of ensuring constitutional compliance. The court clearly deviated from current law when it determined there was an overriding interest that required closing the courtroom. We conclude this error was plain, satisfying the second element for obvious error.

[¶13] The third obvious error requirement is the mistake affects the defendant's substantial rights. A violation of the right to a public trial is a structural error. *Campbell v. State*, 2025 ND 152, ¶ 23, 25 N.W.3d 781. Structural errors are a class of errors which affect the framework of a trial, rendering the trial fundamentally unfair. *Martinez*, 2021 ND 42, ¶ 4. Structural errors necessarily affect a defendant's substantial rights, meaning they forgo harmless error analysis. *Id.* ¶ 40. This structural error necessarily affects Barrett's substantial rights. As a result, the closure of the courtroom for a jury's request to review evidence is an obvious error.

[¶14] Courts correct an obvious error only "if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Martinez*, 2021 ND 42, ¶ 41 (cleaned up). In *Martinez*, closing the courtroom—without waiver or adequate *Waller* findings—negatively impacted the fairness, integrity, and public reputation of our criminal justice system. *Id.* ¶ 42. In this case, the

5

misapplication of law on juror deliberations, and resulting misapplication of the first *Waller* factor, negatively impacted the fairness, integrity, and public reputation of our criminal justice system. The remedy for a violation of the right to a public trial is a new trial. *Id.* ¶ 53.

## III

[¶15] We have considered the remaining issues and arguments raised by each party and determine they are unnecessary to our decision. We reverse the judgment and remand for a new trial.

[¶16] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr